754 A.2d 1228 (2000)
333 N.J. Super. 189
T & S PAINTING AND MAINTENANCE, INC., Plaintiff-Respondent,
v.
BAKER RESIDENTIAL, Defendant-Appellant.
Superior Court of New Jersey, Appellate Division.
Submitted June 6, 2000.
Decided July 5, 2000.
*1229 Dillon, Bitar and Luther, attorneys Morristown, for defendant-appellant (Robert W. Delventhal, of counsel; Leonardo M. Tamburello, on the brief).
Scangarella, Feeney & Dixon, attorneys Pompton Plains, for plaintiff-respondent (David C. Dixon, on the brief).
Before Judges LANDAU and BILDER.
The opinion of the court was delivered by LANDAU, J.A.D., retired and temporarily assigned on recall.
This appeal by defendant Baker Residential, a foreign limited partnership, challenges a Special Civil Part order that denied its R. 4:50-1(f) motion to set aside a $10,000 default judgment in favor of plaintiff T & S Painting and Maintenance, Inc. Judgment had been issued by the Clerk following entry of a default for failure to answer, appear or otherwise move on plaintiff's complaint.
The amount of damages alleged in the complaint was $17,984.20, said to be the amount remaining due under a construction subcontract under which plaintiff claimed it provided $324,161.03 in materials and labor, but received only $306,176.83. Judgment was sought for $10,000 to comport with the R. 6:1-2(a)(1) cognizability limit in the Special Civil Part. See R. 6:1-2(c).
Defendant is a foreign limited partnership with its principal place of business and registered New Jersey office located at 108 American Road, Morris Plains. In a certification submitted to the Court under R. 1:4-4(c), Michael Baker, a New Jersey lawyer and defendant's general counsel[1], stated that he "never received copies of [the summons and complaint] at the time when plaintiff claims they were served." The summons and complaint were sent by mail, ostensibly under R. 6:2-3(d), to a construction trailer located at the temporary construction site, 2 Kingsley Evans Circle, Oakland.
The hearing transcript suggests that a return receipt signed by "John Dolan," a project supervisor at the construction site, was deemed sufficient to constitute service. Proceeding from this assumption, the judge essentially concluded that defendant had failed to satisfy the two Marder[2] elements of excusability under the circumstances *1230 and meritorious defense. We disagree, and reverse.
We cannot tell from the record when Baker ultimately received the summons and complaint. The judge did not, and could not, make that determination either. However, it is clear from the record that service was not effected in compliance with R. 6:2-3.
R. 6:2-3(b) provides:
Manner of Service. Service of process within this State shall be made in accordance with R. 4:4-4, or in accordance with R. 6:2-3(d) if the complaint is filed in a county which has established a service by mail program, or as otherwise provided by court order consistent with due process of law, or in accordance with R. 4:4-5, except that, in landlord and tenant actions, service of process shall be by ordinary mail and by either delivery personally pursuant to R. 4:4-4 or by affixing a copy of the summons and complaint on the door of the subject premises. Substituted service within this State shall be made pursuant to R. 6:2-3(d). Substituted or constructive service outside this State may be made pursuant to the applicable provisions in R. 4:4-4 or R. 4:4-5.
There is no special court order respecting service, and R. 4:4-5 is inapplicable. Thus, service had to be made in accordance with R. 4:4-4, or in accordance with R. 6:2-3(d) under Bergen County's service-by-mail program.
Under R. 4:4-4(a)(5), service must be made upon partnerships by personal service upon the general partner. That rule does not expressly provide for service upon foreign limited partnerships similar to the manner designated by R. 4:4-4(a)(6) for corporations, but even if it did, there would have been no compliance because service was not made at the registered office or principal place of business, nor at the places designated by N.J.S.A. 42:2A-57f and g for receipt of service. Neither was service effected under R. 4:4-4(c), which makes mail service optional, but only if the defendant answers or otherwise appears.
Turning to R. 6:2-3, we note that service should have been effected, if not upon a general partner, at least at defendant's N.J.S.A. 42:2A-57f office in Morris Plains (Morris County). This could have been done by mail under R. 6:2-3(a) pursuant to R. 6:2-3(d). That was not done. Under R. 6:1-2(b), substituted service "shall be made pursuant to R. 6:2-3(d)." Even if purportedly made under Bergen County's approved service-by-mail project, our review of Chief Justice Wilentz's amended order dated February 20, 1985, effective April 1, 1985,[3] and until further order, discloses that the Bergen County project includes only certain named municipalities. Oakland, where the present summons and complaint was mailed, is not one of the named municipalities.
We conclude that there exists, at the very least, sufficient question about the adequacy of service to render defendant's failure to answer or otherwise move excusable under the circumstances.
Turning to the question of meritorious defense, we note that although the judgment entered by the Clerk recited that plaintiff had "filed a certification setting forth a particular statement of the items of the claim, their amounts and dates..." no such detail appears in the record. This is significant both to whether the judgment entered by the Clerk was properly supported, and to the issue of meritorious defense. The transcript reflects that the motion judge rejected as inadequate Baker's certification that plaintiff had breached its contract by unilaterally terminating the work which was contracted, prompting defendant to avail itself of the contractually provided remedy to withhold certain payments. Given the absence of specific contentions by plaintiff other than that the $17,984 balance of the full amount due under the contract was not paid, we believe that Baker's certification was sufficient to set forth a colorably meritorious defense to that claim.
*1231 As noted, we also question adequacy of the information provided to warrant issuance of a $10,000 default judgment by the Clerk under R. 6:6-3(a). The rule requires a "particular statement of the items of the claim," and a copy of the relevant contract or books of account, particularly important where, as here, the dispute concerns lack of payment for contractual work said to have been completed.
In light of the questionable service, and the presence of a colorably meritorious defense, we reverse the order denying defendant's motion for leave to file a late answer[4], and grant leave for defendant to answer or otherwise move. Remanded for further proceedings. We recommend, but do not require, that the matter be transferred to the Law Division.
NOTES
[1] We note that the address listed for Baker in the New Jersey Law Diary is the same as defendant's registered New Jersey office address.
[2] Marder v. Realty Constr. Co., 84 N.J.Super. 313, 318-19, 202 A.2d 175 (App.Div.), aff'd 43 N.J. 508, 205 A.2d 744 (1964).
[3] Appended as Appendix A hereto. Our inquiry to the Civil Practice Division of the Administrative Office of the Courts has confirmed that the 1985 order remains in effect.
[4] We treat the R. 4:50-1(f) motion as an acknowledgment that defendant is willing to waive any defect in service if allowed to answer or otherwise move.