867 A.2d 485

DAVID E. AND GRETA W. SIWIEC, PLAINTIFFS–RESPONDENTS, v. FINANCIAL RESOURCES, INC., DEFENDANT–APPELLANT.

Superior Court of New Jersey
Appellate Division

Submitted February 1, 2005—Decided February 22, 2005.

Before Judges STERN, S.L. REISNER and GRAVES.

*Michael I. Birnberg,* attorney for appellant (*Mr. Birnberg,* on the brief).

*David E. Siwiec and Greta W. Siwiec,* respondents pro se.

The opinion of the court was delivered by

S.L. REISNER, J.A.D.

Defendant, Financial Resources, Inc., appeals the denial of a motion to vacate a $6,351 judgment in favor of plaintiffs, David and Greta Siwiec, entered after a proof hearing in the Special Civil Part. We reverse.

I

On March 28, 2003, plaintiffs filed a complaint against Financial Resources, Inc., a mortgage lender. Their complaint alleged that they "were offered specific refinancing terms by Financial Resources, Inc. in November 2002." They contended that those "terms were communicated both verbally and in writing by Dave Pressel of Financial Resources." However, they alleged that Financial did not give them the mortgage loan. Apparently, the mortgage application was accomplished over the internet, since all of the communication took place through e-mail. Plaintiffs contended they "were unequivocally led to believe one thing and then told it wasn't available after much time had passed." As a result,

they were forced to obtain a mortgage elsewhere at a higher rate of interest.

The complaint was served on Financial by certified mail on April 15, 2003. A notice sent to plaintiffs by the Special Civil Part confirmed service on defendant and indicated a default date of May 19, 2003 if no answer was filed. The parties attempted to settle the case, as evidenced by an e-mail from Financial's Vice–President Dave Pressel to plaintiffs dated June 25, 2003. That e-mail also explained to them that their loan application did not meet Fannie Mae or Freddie Mac guidelines because the ratio of mortgage payments to gross income was too high. The case was not settled, but no answer was filed.

Plaintiffs applied for default judgment, ex parte, on November 17, 2003. Their application was supported by voluminous proofs, although they did not produce a written mortgage commitment. Rather they produced an e-mail from Pressel, dated December 2, 2002, advising them that they were "approved" for a mortgage of $160,000 with a locked-in interest rate of 5.50 percent. However, that e-mail "commitment" was obviously based on plaintiffs' representations as to their financial condition, since the e-mail also advised that plaintiffs would be required to submit an application and proof of financial qualification. Their subsequent mortgage application was dated December 12, 2002. A later e-mail from Financial to plaintiffs set a tentative closing date of December 26, 2002, but requested additional financial documentation.

Rather than deciding the case based only on plaintiffs' documents, the trial court required a proof hearing, which was held, without notice to defendant, on January 15, 2004. No exhibits were marked or received in evidence at the proof hearing, although the trial judge apparently considered both the package of documents plaintiffs had initially submitted in support of their application for judgment as well as additional documents. Both plaintiffs testified at the hearing concerning the damages they had incurred by virtue of what they contended was Financial's initial promise to extend a loan, Financial's failure to notify them of the

cancellation of two scheduled closings, and Financial's eventual refusal to give them the loan. The trial judge awarded damages consisting of the increased cost of a loan plaintiffs obtained elsewhere at a higher interest rate, duplicate expenses they claimed to have incurred for an appraisal and title work, and costs to travel to the cancelled closings.

Defendant was served with the judgment and, within two weeks after the proof hearing, filed a motion on January 28, 2004 to vacate the judgment. The motion was supported by a certification from defendant's president, David Findel, asserting that no answer was filed because the loan officer assigned to the matter had falsely told him that the case had been resolved and that the complaint was being dismissed. Findel's certification did not assert any facts which would constitute a meritorious defense. However, the June 25, 2003 e-mail from Pressel, which plaintiffs had placed before the court at the proof hearing, explained the problems with their loan application. After oral argument, the trial judge denied the motion for failure to demonstrate excusable neglect or a meritorious defense.

## II

We begin our discussion by noting certain concerns. Since neither party provided us with copies of plaintiffs' application for default judgment, with its attached proofs, we have independently reviewed the file of the Special Civil Part. These documents, which were equally available to both parties upon review of the Special Civil Part file, should have been included in appellant's appendix. *R.* 2:6–1(a)(1).

In a certification in support of defendant's motion, Findel attested that he did not file an answer because an unnamed loan officer advised him that the case was resolved. But plaintiffs provided a copy of an e-mail dated June 25, 2003, from Pressel to plaintiffs with a "cc" to Findel and defendant's counsel explaining why the loan was denied and offering a settlement. The complaint was served on Financial on April 15, 2003. Obviously, on

June 25, 2003, more than thirty-five days beyond the date the complaint was served, defense counsel and defendant's Vice President and President, were well aware that the case was not resolved. Defense counsel should have known that the case was either in default or that default would be entered imminently. We agree with the trial court that defendant failed to demonstrate excusable neglect for failing to file a timely answer to the complaint. *R.* 4:50–1(a).

However, we nonetheless vacate the judgment, because we perceive significant issues concerning the sufficiency of plaintiffs' proofs on both liability and damages. We have also taken into consideration the fact that defendant did not get notice of the proof hearing and therefore had no opportunity to cross-examine plaintiffs on their proofs.

We begin with a discussion of the notice issue. Unlike the rules governing default judgments in other civil cases, *R.* 4:43–2, the rules governing default judgments in the Special Civil Part, *R.* 6:6–3(c), do not specifically require that a defendant receive notice of a proof hearing. The rule provides that, other than notice to the guardians of minors and incapacitated persons, which is mandated, notice to the defendant of an application for default judgment is only required if the judge so directs. *R.* 6:6–3(c). The rule provides no guidance for the exercise of this judicial discretion. However, for reasons discussed below, we believe trial judges should require that a defendant be sent notice of a proof hearing at least in those cases in which the claim appears to involve a novel issue or in which cross-examination of witnesses may assist the court in deciding the case.

In the context of a proof hearing, where plaintiff is asserting a novel theory of recovery, it is an abuse of discretion for the trial court not to require plaintiff to "demonstrate legal grounds supporting his claim of a right to relief." *Newman v. Isuzu Motors America, Inc.,* 367 *N.J.Super.* 141, 147, 842 *A.*2d 255 (App.Div.2004). The presence of a novel issue also suggests the wisdom of giving defendant notice of the proof hearing.

■ Internet mortgage applications may open a new world of legal issues. *See First Tennessee Nat'l Corp. v. Horizon Nat'l Bank,* 225 *F.Supp.*2d 816 (W.D.Tenn.2002). Here, plaintiffs were apparently seeking recovery based on a theory that they had a binding mortgage commitment, although they only produced an e-mail from defendant rather than the usual formal written commitment letter. The record is barren of any explanation as to the custom and practice in the industry with respect to these internet applications. At a minimum, the trial judge should have made a specific finding as to whether there was a binding contract to extend a loan before proceeding to the issue of damages. Further, given the novelty of the issue, cross-examination of witnesses would have contributed to the development of a proper factual record. *See Jugan v. Pollen,* 253 *N.J.Super.* 123, 133–34, 601 *A.*2d 235 (App.Div.1992); *Perry v. Crunden,* 79 *N.J.Super.* 285, 292, 191 *A.*2d 316 (Co.Ct.1963).

■ Further, although it should have been submitted in certification form, defendant did provide a meritorious explanation for the failure to close the loan. Whether the explanation is true remains to be seen. We also find merit in defendant's contention that plaintiffs presented no documentation to prove their claim that they incurred certain closing-related expenses twice as a result of defendant's refusal to close.

■ It is well established that "the opening of default judgments should be viewed with great liberality, and every reasonable ground for indulgence is tolerated to the end that a just result is reached." *Marder v. Realty Constr. Co.,* 84 *N.J.Super.* 313, 319, 202 *A.*2d 175 (App.Div.), *aff'd* 43 *N.J.* 508, 205 *A.*2d 744 (1964). "Generally, a defendant seeking to reopen a default judgment must show that the neglect to answer was excusable under the circumstances and that he has a meritorious defense." *Id.* at 318, 202 *A.*2d 175.

■ In some circumstances, however, these requirements may be relaxed in the interests of justice under *R.* 4:50–1(f), "any

other reason justifying relief from the operation of the judgment or order." Where either the defendant's application to re-open the judgment or the plaintiffs' proofs presented at the proof hearing raise sufficient question as to the merits of plaintiffs' case, courts may grant the application even where defendant's proof of excusable neglect is weak. For example, in *Morales v. Santiago,* 217 *N.J.Super.* 496, 504–05, 526 *A.*2d 266 (App.Div.1987), pursuant to *R.* 4:50–1(f), we vacated a judgment entered after a proof hearing, due to our "misgivings" about the merits of plaintiff's claim, although defendant's attorney had "failed to present their case adequately on the motion to vacate." *Id.* at 504, 526 *A.*2d 266. In *Morales,* as here, we found serious questions as to whether plaintiffs had proven the existence of a binding contract and as to their proof of damages. We determined that both sides were entitled to an opportunity to present their proofs at a trial. *See also T & S Painting and Maint., Inc. v. Baker Residential,* 333 *N.J.Super.* 189, 193, 754 *A.*2d 1228 (App.Div.2000). We reach the same conclusion here.

We therefore reverse the order denying defendant's motion to re-open the judgment and remand this matter for entry of an order re-opening the judgment, vacating the default, and permitting defendant to file its answer. The order shall be conditioned on defendant's payment of plaintiffs' filing fees and other appropriate costs, which they may seek upon application to the trial court. *R.* 4:50–1.

Reversed and remanded.