**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court."
Although it is posted on the internet, this opinion is binding only on the
parties in the case and its use in other cases is limited. R.1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-4888-15T1

MLC REMODELING,

    Plaintiff-Respondent,

v.

LOADED BURGERS & BBQ,

    Defendant-Appellant.

_____

        Submitted June 8, 2017 — Decided July 14, 2017

        Before Judges Lihotz and Hoffman.

        On appeal from Superior Court of New Jersey,
        Law Division, Union County, Docket No.
        DC-437-16.

        DiRienzo, DiRienzo & Dulinski, P.A., attorneys
        for appellant (Joseph DiRienzo, on the brief).

        Respondent has not filed a brief.

PER CURIAM

    Defendant Loaded NJ, LLC, improperly designated as Burgers &

BBQ, appeals from a June 16, 2016 Special Civil Part order denying

its motion to vacate a default judgment, entered in favor of

plaintiff MLC Remodeling.[1]  Judgment for plaintiff was entered on March 4, 2016, after defendant failed to timely respond to plaintiff's complaint seeking payment alleging breach of contract. Through counsel, defendant offered to settle the differences between the parties, but took no steps to extend the time to file an answer or file an appearance to contest the action.

On appeal, defendant argues the trial judge abused his discretion when denying its motion to vacate the default judgment, see R. 4:50-1, and seeks an order allowing the parties to litigate the controversy.  We are unpersuaded and affirm.

On March 1, 2015, plaintiff executed an agreement to furnish remodeling services for defendant's Garwood restaurant. Primarily, plaintiff agreed to remove and replace floor and ceiling tiles, hang doors, install floor molding, and provide sheet rock repair.  Defendant refused to provide payment, asserting the work was substandard, improperly performed, and defective.

Plaintiff filed notice of intent to record a construction lien, followed, thereafter, by its complaint seeking payment of the outstanding contract balance of $11,085.  Defendant received the complaint, which included the standard summons listing the date to file an answer as February 29, 2016.  Defendant employed

---

[1]  The body of the order is dated June 16, 2016, but the document is file-stamped May 12, 2016, which we presume was an error.

counsel, who sent correspondence offering to resolve all claims for $1000. The letter stated defendant's offer was good for seven days and expired on March 4, 2016, at which time defendant would file an answer and counterclaim.

Counsel asserts neither plaintiff nor its representative responded to defendant's proposal. Nevertheless, defendant took no steps to submit responsive pleadings. Plaintiff's counsel states she sent a facsimile transmission on behalf of plaintiff rejecting the proposal on March 2, 2016.

Because the deadline to respond to plaintiff's complaint passed, the court entered default and plaintiff apparently sought entry of default judgment. Final judgment was filed on March 4, 2016.[2] On April 28, 2016, defendant received plaintiff's information subpoena and defendant moved to vacate the default judgment. Following argument on the motion and plaintiff's opposition, the judge denied defendant's motion on June 16, 2016.

The trial judge rejected defendant's claims of miscommunication with his client as justification to vacate the judgment. He determined the facts did not meet the excusable

---

[2] Defendant has chosen not to provide us with copies of plaintiff's application for default judgment, with any attached proofs. The documents are available in the Special Part File, and should have been included in appellant's appendix. R. 2:6-1(a)(1). Siwiec v. Fin. Res., Inc., 375 N.J. Super. 212, 217 (App. Div. 2005).

A-4888-15T1

neglect standard required by <u>Rule</u> 4:50-1. Further, concluding defendant was legally incorrect, the judge rejected defendant's procedural challenge, which suggested default judgment may not be entered unless preceded by service of a filed notice of request to enter default. Rather, relying on <u>Rule</u> 6:6-3, the judge noted Special Civil Part procedures allow the court to automatically enter default when a timely answer is not submitted, as stated in the court issued summons. Thereafter, plaintiff properly requested entry of final judgment.

On appeal, defendant argues the trial judge abused his discretion by refusing to recognize "a series of miscommunications" between client and counsel as sufficient grounds to vacate a default judgment, which must be granted liberally. Further, defendant contends the judge misapplied <u>Rule</u> 4:50-1, by not considering defendant's meritorious defenses and counterclaim.

<u>Rule</u> 4:50-1 "governs an applicant's motion for relief from default when the case has proceeded to judgment." <u>US Bank Nat. Ass'n v. Guillaume</u>, 209 <u>N.J.</u> 449, 466 (2012). Once the court has entered a default judgment, relief from the judge must satisfy one of the following reasons:

> (a) mistake, inadvertence, surprise, or excusable neglect; (b) newly discovered evidence which would probably alter the

judgment or order and for which by due diligence could not have been discovered in time to move for a new trial under R. 4:49; (c) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (d) the judgment or order is void; (e) the judgment or order has been satisfied, released or discharged, or a prior judgment or order upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment or order should have prospective application; or (f) any other reason justifying relief from the operation of the judgment or order.

[R. 4:50-1.]

The Court has instructed the rule is "designed to reconcile the strong interests in finality of judgments and judicial efficiency with the equitable notion that courts should have authority to avoid an unjust result in any given case." Guillaume, supra, 209 N.J. at 467 (quoting Mancini v. EDS, 132 N.J. 330, 334 (1993)).

We defer to a trial court's decision, which will not be reversed unless it results in a clear abuse of discretion. See DEG, LLC v. Twp. of Fairfield, 198 N.J. 242, 261 (2009). An abuse of discretion results "when a decision is 'made without a rational explanation, inexplicably departed from established policies, or rested on an impermissible basis.'" Iliadis v. Wal-Mart Stores, Inc., 191 N.J. 88, 123 (2007) (quoting Flagg v. Essex Cty. Prosecutor, 171 N.J. 561, 571 (2002)).

Entry of judgment in a Special Civil Part matter is governed

by Rule 6:6-3(a), which provides, in pertinent part:

> If the plaintiff's claim against a defendant
> is for a sum certain or for a sum that can by
> computation be made certain, the clerk on
> request of the plaintiff and on affidavit
> setting forth a particular statement of the
> items of the claim, the amounts and dates, the
> calculated amount of interest, the payments
> or credits, if any, the net amount due, and
> the name of the original creditor if the claim
> was acquired by assignment, shall enter
> judgment for the net amount and costs against
> the defendant . . . .

"Unlike the rules governing default judgments in other civil

cases, R. 4:43-2, the rules governing default judgments in the

Special Civil Part, R. 6:6-3(c), do not specifically require that

a defendant receive notice of a proof hearing."  Siwiec, supra,

375 N.J. Super. at 218.[3]  Accordingly, we reject defendant's claim

of procedural error.

We turn to the question of whether the judge properly

exercised discretion in denying defendant's motion to vacate the

default judgment, which requires a defendant seeking to reopen a

default judgment to show excusable neglect; that is, "the neglect

to answer was excusable under the circumstances and . . . a

---

[3]    "The rule provides that, other than notice to the guardians
of minors and incapacitated persons, which is mandated, notice to
the defendant of an application for default judgment is only
required if the judge so directs."  Ibid. (citing R. 6:6-3(c)).

meritorious defense." Morales v. Santiago, 217 N.J. Super. 496, 501 (App. Div. 1987) (quoting Marder v. Realty Const. Co., 84 N.J. Super. 313, 318 (App. Div. 1964), aff'd, 43 N.J. 508 (1964)).

Trial courts are instructed to "view 'the opening of default judgments . . . with great liberality,' and should tolerate 'every reasonable ground for indulgence . . . to the end that a just result is reached[,]'" Mancini, supra, 132 N.J. at 334 (quoting Marder, supra, 84 N.J. Super. at 319). However, it is well-established a defendant seeking relief under R. 4:50-1, must show the court something more than mere good cause. Id. at 334-35. Excusable neglect is carelessness "attributable to an honest mistake that is compatible with due diligence or reasonable prudence." Id. at 335. We find both lacking here.

The notion postulated on behalf of defendant suggests counsel expected to hear from his adversary before he needed to act. Defense counsel asserts "mistake, inadvertence, surprise, and excusable neglect are read together under [Rule] 4:50-1, as encompassing situations where a party, through no fault of its own, engages in erroneous conduct on a material point in the litigation." The statement is factually unsupported and legally erroneous.

Here, plaintiff sought payment beginning in March 2015. Correspondence between counsel and the parties shows neither was

interested in walking away from their respective claims. Even the letter sent offering to resolve all disputes for $1000, clearly advised the offer was extended for one week, after which the matter would be contested. We find no support for the claim plaintiff acted to mislead defendant or suggest defendant need not respond to the complaint because plaintiff was considering the offer.

Counsel's utter failure to advance his client's cause resulted in entry of a final judgment. Counsel did not secure an extension to file an answer, despite the streamlined procedures employed by the Special Civil Part. Rather, he allowed the deadline to respond to plaintiff's complaint to come and go without even a phone call to his adversary to protect defendant's rights to challenge the demands by plaintiff. In viewing the record liberally, we discern the absence of even an arguably valid excuse for missing the date to respond to plaintiff's complaint. See Ballurio v. Campanaro, 30 N.J. Super. 548, 551 (App. Div. 1954) ("[A] default judgment will not be reopened on the mere ground of neglect or inadvertence. To justify the vacation of a default judgment, there must be factual proof that the neglect or inadvertence is actually excusable.").

We remain mindful "[w]here either the defendant's application to re-open the judgment or the plaintiff['s] proofs presented at the proof hearing raise sufficient question as to the merits of

plaintiffs' case, courts may grant the application even where defendant's proof of excusable neglect is weak." Siwiec, supra, 375 N.J. Super. at 220. Yet, these facts at hand do not support evidence suggesting default judgment be vacated pursuant to Rule 4:50-1 (a) through (e). Turning to the final reason, stated in Rule 4:50-1(f), which allows consideration, in the interests of justice, of "any other reason justifying relief from the operation of the judgment or order[,]" we also conclude defendant's position is not supported.

Essentially, defendant challenges the amount due; there is no dispute plaintiff was hired to provide designated services. On this issue, counsel failed to provide this court with all evidence considered by the trial judge. Without plaintiff's proofs filed to secure the judgment, we are unable to review their sufficiency to support a finding of the amount due. R. 2:6-1(a)(1). Also, defendant's certification and the accompanying unexplained photographs, filed to vacate the default judgment, do not allow us to weigh defendant's claim of a colorable defense.

Balancing "the broad parameters of a court's discretion to grant relief . . . under subsection (f)" with "the importance of the finality of judgments," we cannot conclude defendant has presented the required "truly exceptional circumstances" to allow the final judgment be set aside, despite the absence of excusable

neglect.  <u>Baumann v. Marinaro</u>, 95 <u>N.J.</u> 380, 395 (1984).  We conclude the judge did not abuse his discretion in denying defendant's motion.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION