**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-3152-19

ADRIEN SPEED and
DANIELLE SHINE,

     Plaintiffs-Respondents,

v.

MACAULAY WILLIAMS,

     Defendant-Appellant.

_____

Submitted February 2, 2021 — Decided  February 22, 2021

Before Judges Yannotti and Mawla.

On appeal from the Superior Court of New Jersey, Law Division, Middlesex County, Docket No. DC-000545-19.

Florant Law Group, LLC, attorneys for appellant (Shamala S. Florant, on the briefs).

George W. Barrood, PA, attorney for respondents (George W. Barrood, on the brief).

PER CURIAM

Defendant Macaulay Williams appeals from a February 28, 2020 order denying his motion to vacate a judgment entered against him in favor of plaintiffs Adrien Speed and Danielle Shine in the amount of $6497 for breach of a stipulation of settlement. We affirm.

Plaintiffs were tenants of defendant and pursuant to a tenancy action commenced by defendant in 2018, reached a settlement whereby plaintiffs agreed to vacate the premises by September 30, 2018. Plaintiffs vacated defendant's property and sought the return of their $2550 security deposit. Defendant failed to return the deposit and filed for bankruptcy. Defendant's bankruptcy filing listed plaintiffs as creditors along with the $2550 debt but did not provide plaintiffs' address evidencing they were served with notice of the bankruptcy.

Plaintiffs filed a Special Civil Part complaint on January 11, 2019 for return of the security deposit. The complaint alleged defendant failed to comply with the Security Deposit Act, N.J.S.A. 46:8-19 to -26, and pursuant to the Act, sought a judgment in the "sum of the unreimbursed security deposit, plus interest accrued, double damages, reasonable attorney's fees and costs of suit."

Defendant did not answer the complaint. On January 18, 2019, defendant wrote to plaintiffs' attorney advising plaintiffs owed unpaid rent in excess of the

security deposit, and alleged plaintiffs violated the bankruptcy stay by filing their complaint rather than asserting their claims in the bankruptcy action. On January 22, 2019, defendant served the bankruptcy notice on plaintiffs' counsel.

On April 2, 2019, the court entered default judgment against defendant in the amount of $6762.50, plus costs. The judgment noted it was entered unopposed. On May 8, 2019, defendant filed a motion to vacate the default judgment. He certified he

> did not file any answer to the [c]omplaint, or any other responsive pleading, because [he] did not believe [he] was obligated to do so due to the fact that [he] was in bankruptcy at the time the [c]omplaint was filed, and [he] had advised [p]laintiffs, through their attorney, that they were in violation of the automatic stay.
>
> [He] was not aware that the [p]laintiffs continued to pursue this collection matter, which constituted a continued violation of the automatic stay, until [he] received a notice from [plaintiffs' counsel] sometime in mid-April 2019 that a [d]efault [j]udgment was entered against [him].

The court vacated the default judgment and defendant filed an answer and counterclaim.

On September 16, 2019, the parties reached a stipulation of settlement, which stated:

> 1. Defendant shall pay to [p]laintiff[s] the total sum of $2000[] in the following installments; all monies are

3 <span>A-3152-19</span>

due on the day indicated but not later than ten . . . days thereafter.

$500 by Sept[ember] 26, 2019

$750 each month on the 26th day starting 10/26/19

[P]ay to George W. Barood[,] PA, P.O. Box 1995, N[ew] B[runswick], N.J. 08903

. . . .

4. If [d]efendant does not fully meet the above conditions, [p]laintiff[s] may apply for entry of judgment against the [d]efendant, without trial or hearing, in the amount of $7,500 less credit(s) for payment(s) made, plus court costs. In order to make such an application, [p]laintiff[s] will need to submit a sworn and notarized [a]ffidavit of [d]efault to [the court].

. . . .

The affidavit should describe the default and the amount due and owing.

On December 9, 2019, plaintiffs filed a breach of the stipulation of settlement certifying defendant failed to make the third and final payment of $750 and requesting a judgment of $6250 plus costs. Plaintiffs' attorney e-filed the certification serving both defendant and his attorney. The following day, the court entered judgment against defendant in the amount of $6497, comprised of the $6250 amount owed, $107 in costs, and $140 in attorney's fees.

On December 24, 2019, defendant filed a motion to vacate the judgment pursuant to Rule 4:50-1(c), (d), (e), and (f). Defendant certified as follows: "On November 26, 2019, I issued and mailed my third payment to [p]laintiffs' attorney . . . pursuant to the settlement agreement." He certified "because [he] sent the payment by regular mail, it could not be tracked." He claimed his attorney contacted plaintiffs' counsel to confirm receipt of the payment but received no response. Defendant certified he had "no control over the post office's mail delivery schedule when my mail is in their possession." He further certified that "[b]y agreeing to accept my payment by mail, the plaintiffs assumed the risk of any postal negligence on the part of the post office. . . . No facts or circumstances exist[] to cause [p]laintiffs and their attorney . . . to believe that I would not perform under the settlement agreement." As a result, defendant claimed plaintiffs acted fraudulently and in bad faith by seeking the entry of judgment and the court should vacate the judgment.

In response, plaintiffs filed opposition and a cross motion for attorney's fees. The motion was supported by a certification from plaintiffs' counsel stating:

> Defendant was supposed to pay his first payment by [September 26,] 2019. His first payment did not arrive by September 26, 2019[,] but it did [not] arrive . . . later than ten . . . days thereafter.

[Defendant] was supposed to pay his second payment on [October 26, 2019]. He mailed the second payment by certified mail. By doing so he had proof of the day that he mailed it and could track when it was received. The payment was not paid on [October 26, 2019,] as required by the [s]tipulation of [s]ettlement. It was not received [within the] ten days thereafter. He mailed that payment on November 5, 2019 - exactly ten days thereafter. . . .

Defendant was supposed to pay his third payment on [November 26, 2019]. If we grant him the ten day grace period, then the third payment was supposed to arrive at the very latest on Friday, December 6, 2019. Because it was a Friday[,] I thought that . . . [d]efendant could have until midnight to hand deliver the payment to my office. I have a convenient mail[ ]slot in the office door where envelopes can be inserted at all hours. Thus, I waited until Monday, December 9, 2019 (thirteen days later) and found no payment in either my mail[ ]slot at my office or in my P.O. Box at the post office. I took a picture of my empty P.O. Box on December 9, 2019 at 9:52 a.m. . . . .

Plaintiff's counsel further certified that the day after he filed the breach of settlement, an envelope appeared in his post office box which "showed [defendant] as the sender but it did not contain a postmark showing the date it was mailed." Counsel certified he spoke with a clerk at the post office who recalled "someone handed her the envelope and asked her to put it into my P.O. Box." He certified he wrote to the postmaster inquiring as to the handling of the envelope and was awaiting a response.

6

Defendant filed a reply arguing the certification in support of the cross-motion contained hearsay. Plaintiffs' counsel then filed a supplemental certification attaching a response from the United States Postal Inspector advising the letter containing defendant's final payment due November 26 "was processed at Dominick V[.] Daniels Processing and Distribution Center [in] Kearny, . . . on December 9, 2019[,] between the hours of 9[:00] p.m. and 9:30 p.m."

On February 28, 2020, the trial court denied defendant's motion to vacate judgment. The order stated: "The documentation supplied makes clear that the [d]efendant was late in the November and December payments and therefore the [p]laintiff was entitled to entry of judgment pursuant to the terms of the [s]tipulation of [s]ettlement."

Defendant raises the following points on appeal:

> [Point] I[:] The Trial Court Abused Its Discretion by Denying Defendant's Motion to Vacate Based Upon the Plaintiff's Claims of Breach Without First Conducting A Hearing.
>
> [Point] II[:] Plaintiffs' Proofs Fail to Establish A Prima Facie Claim Against [Defendant] For Breach of The Agreement.
>
> [Point] III[:] There Is Insufficient Evidence on The Record to Support the Trial Court's Decision Against [Defendant] Under [Rule] 4:50-1(f).

A-3152-19

A.  The Alleged Out of Court Statement of The Postal Clerk and The Alleged Postal Inspector Letter Offered by Plaintiffs Was Inadmissible Hearsay, Insufficient Evidence as To A Claim Against Defendant, And Constituted Grounds to Vacate the Default Judgment Against Defendant Under [Rule] 4:50[-]1(f).

"A motion under [Rule] 4:50-1 is addressed to the sound discretion of the trial court, which should be guided by equitable principles in determining whether relief should be granted or denied."  Hous. Auth. of Morristown v. Little, 135 N.J. 274, 283 (1994).  "The decision granting or denying an application to open a judgment will be left undisturbed unless it represents a clear abuse of discretion."  Ibid.

In Point I, defendant acknowledges "R[ule] 6:6-3(c)[] do[es] not specifically require that a defendant receive notice of a proof hearing," however citing Siwiec v. Financial Resources, Inc., argues the trial court erred because it should have conducted a hearing where "cross-examination of witnesses may assist the court in deciding the case." 375 N.J. Super. 212 (App. Div. 2005).  He argues the "documents and arguments submitted by [p]laintiffs in support of their claim of breach [were] questionable under the [r]ules of evidence[.]"

Siwiec is inapposite.  There, we stated: "[W]here [a] plaintiff . . . assert[s] a novel theory of recovery, it is an abuse of discretion for the trial court not to

require plaintiff to 'demonstrate legal grounds supporting his claim of a right to relief.'" 375 N.J. Super. at 218 (quoting Newman v. Isuzu Motors Am., Inc., 367 N.J. Super. 141, 147 (App. Div. 2004)). Here, the dispute did not involve a novel theory of recovery.

In Points II and III, defendant argues the trial court lacked sufficient evidence to enter judgment and as a result should have granted his motion to vacate the judgment pursuant to Rule 4:50-1(f). We disagree.

Rule 4:50-1 states: "On motion, with briefs, and upon such terms as are just, the court may relieve a party . . . from a final judgment or order for . . . (f) any other reason justifying relief from the operation of the judgment or order." The Supreme Court has stated: "No categorization can be made of the situations which would warrant redress under [Rule 4:50-1](f). . . . [T]he very essence of (f) is its capacity for relief in exceptional situations. And in such exceptional cases its boundaries are as expansive as the need to achieve equity and justice." DEG, LLC v. Twp. of Fairfield, 198 N.J. 242, 269-70 (2009) (quoting Court Inv. Co. v. Perillo, 48 N.J. 334, 341 (1966)) (second alteration in original).

We consider that the certification plaintiffs' counsel filed to obtain entry of the judgment contained hearsay from the postal service employee. Moreover, the supplemental certification containing the letter from the postal inspector was

also hearsay. However, counsel also certified and provided the court photographic proof that the November 26 payment was not received by either the due date or within the ten day grace period.

As demonstrated by plaintiff's counsel, defendant could have inquired with the postal service and provided proof he timely mailed the final payment. However, he failed to produce objective evidence to rebut plaintiff's counsel's certification that the November payment was received thirteen days after the due date. Defendant's motion to vacate the judgment fell short of his burden of proof and did not demonstrate exceptional circumstances warranting either a hearing or relief from the judgment pursuant to Rule 4:50-1(f). The trial court did not abuse its discretion in denying defendant's motion.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

10