**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-0264-22

ABEER A. ABU-GOUSH,

    Plaintiff-Respondent,

v.

ABDALLAH A. ABU-ZUBEDAH,

    Defendant-Appellant.

_____

        Submitted October 23, 2023 – Decided April 17, 2024

        Before Judges DeAlmeida and Berdote Byrne.

        On appeal from the Superior Court of New Jersey, Chancery Division, Family Part, Bergen County, Docket No. FM-02-1706-21.

        Abdallah A. Abu-Zubedah, appellant pro se.

        Respondent has not filed a brief.

PER CURIAM

    Defendant, Abdallah A. Abu-Zubedah, self-represented, appeals from an

October 18, 2021 order entering a default judgment of divorce against him on

the grounds of extreme cruelty and a February 18, 2022 order denying his motion to vacate default judgment. Discerning no error, we affirm both orders.

We glean the following facts from the partial record before us.[1] The parties were married on January 12, 2018. There are no children born of the marriage. On February 22, 2021, then self-represented plaintiff filed and served a complaint for divorce, alleging extreme cruelty. Defendant did not file an answer to the complaint, which was due on March 29, 2021, thirty-five days after service of the complaint, as required by R. 4:6-1(a). Thereafter, on May 21, 2021, plaintiff, represented by counsel, filed a Second Amended Complaint for Divorce (Second Complaint), and served it upon defendant. The Second Complaint was specific and alleged a count for extreme cruelty, detailing events alleged to have occurred on identified dates that caused local police to respond to an incident of domestic violence, resulted in the issuance of a temporary restraining order, and required plaintiff to seek treatment at a Hackensack hospital. The Second Complaint also alleged counts for assault and battery,

---

[1] It is unclear whether plaintiff was properly served with the appeal. A "proof of mailing" signed by a "private messenger" attested he "would be" mailing, via certified mail, some of the documents to plaintiff. An order suppressing plaintiff's brief was entered on May 1, 2023, and plaintiff has not made an appearance in this action. Pursuant to R. 2:5-1(b), service requires an appellant provide the notice of appeal, case information statement, and transcript request form to "all other parties who have appeared in the action."

intentional infliction of emotional distress, and negligent infliction of emotional distress. In the complaint, plaintiff sought alimony, equitable distribution, and attorney's fees and a jury demand for the counts involving personal injury. See Tevis v. Tevis, 79 N.J. 422, 434 (1979) (because "the circumstances of [a] marital tort and its potential for money damages [are] relevant in the matrimonial proceedings, the claim [for a marital tort] . . . should, under the 'single controversy' doctrine, [be] presented in conjunction with that action as part of the overall dispute between the parties in order to lay at rest all their legal differences in one proceeding and avoid the prolongation and fractionalization of litigation.").

The Second Complaint was served on defendant, but defendant claims all of the pages were "cut on the right side of each page," and alleges he requested plaintiff's counsel provide him with a "proper amended complaint," but he never received one. Defendant did not file an answer, which was due on June 10, 2021, twenty days after service of the amended complaint, as required by R. 4:9-1.

On October 18, 2021, the court held a hearing on the default judgment of divorce. Plaintiff represented herself and stated she simply wanted to be divorced and wanted to waive the marital tort claims and any requests for

3

alimony, equitable distribution, or attorney's fees. The trial court attempted to dissuade plaintiff several times from proceeding that day, stating "[b]ut by just putting your divorce through today you're giving up the right to alimony, you're giving up the rights to all those third-party claims that you have. . . . You can't come back and ask for that afterwards." Plaintiff explained she understood and wanted to proceed. The court then entered a final judgment of divorce, finding she had properly pleaded a claim for extreme cruelty.

On December 4, 2021, defendant filed a notice of motion to vacate the default judgment. He checked the box indicating he did not request oral argument. In support of his motion, he claimed he received "improper service" of the Second Complaint and attached a copy of a letter, dated July 22, 2021, and mailed to the Superior Court and plaintiff's counsel, requesting a clearer copy of the complaint. On February 18, 2022 the trial court entered an order denying defendant's[2] motion to vacate the default judgment of divorce. This appeal followed.

Pursuant to R. 4:50-1(a), a default judgment will remain undisturbed unless the defendant shows the failure to appear or otherwise defend was due to excusable neglect under the circumstances and the existence of a meritorious

---

[2] The order incorrectly transposed plaintiff and defendant.

A-0264-22

defense to both the cause of action and damages. <u>U.S. Bank Nat'l Ass'n v. Guillaume</u>, 209 N.J. 449, 468-69 (2012). Excusable neglect has been defined as "something the parties could not have protected themselves from during the litigation." <u>Romero v. Gold Star Distrib., LLC</u>, 468 N.J. Super. 274, 298 (App. Div. 2021) (emphasis omitted). Absent an abuse of discretion, a trial court's decision will not be disturbed by a reviewing court. <u>Id.</u> at 293 (quoting <u>Hous. Auth. of Morristown v. Little</u>, 135 N.J. 274, 283 (1994)).

Defendant failed to demonstrate excusable neglect. He was served with the first complaint on February 22, 2021 but did not file an answer and does not reference it in his brief, although he attaches it to the appendix. Defendant also does not claim he was not served with the Second Complaint. Instead, he states he was served with a copy that was cut off on the right-hand side and he wrote to the court and plaintiff's counsel requesting a better copy.[3] The letter requesting a more legible copy is dated July 22, 2021, well after his answer was due on June 10, 2021. If defendant was unable to file an answer to the complaint because he could not read it, it was incumbent upon him to file a motion to extend the time to answer the complaint or a motion to be served with a more

---

[3] The copy defendant attaches has one or two words on the right-hand margin cut off, but is otherwise legible.

legible copy. Self-represented parties are subject to the same court rules and requirements as parties with counsel. Rubin v. Rubin, 188 N.J. Super. 155, 159 (App. Div. 1982); Venner v. Allstate, 306 N.J. Super. 106, 110 (App. Div. 1997); Tuckey v. Harleysville Ins. Co., 236 N.J. Super. 221, 224 (App. Div. 1989). Defendant was served with the first complaint and was aware he was required to file an answer. Defendant was also served with the Second Complaint and was aware he was required to file an answer. He did nothing to protect his rights other than send a letter after the time to answer had elapsed. He did not follow up with any other correspondence from July 22, the date of his letter, through October 18, the date the default judgment of divorce was entered. We discern no abuse of discretion in the trial court's finding no excusable neglect.

Defendant argues he was deprived of his constitutional right to have his day in court, citing a federal rule of civil procedure. However, because defendant failed to file an answer to the complaint, a default proceeding was appropriate. See, e.g., Siwiec v. Fin. Res., Inc., 375 N.J. Super. 212, 218 (App. Div. 2005); Jameson v. Great Atl. & Pac. Tea Co., 363 N.J. Super. 419, 426, (App. Div. 2003). He also argues he was not given an opportunity to present his arguments to the trial court on his motion to vacate and was surprised the court

decided his motion without oral argument. However, defendant waived oral argument on his notice of motion.

Finally, defendant makes substantive arguments regarding his marriage. Because we conclude the trial court appropriately denied the motion to vacate default judgment, those arguments are not properly before us, and we decline to address them. To the extent we have not addressed defendant's remaining arguments, we find they are without sufficient merit to warrant discussion in a written opinion. R. 2:11-3(e)(1)(E).

In sum, we affirm the trial court's orders of October 18, 2021, entering a default judgment of divorce, and February 18, 2022, denying defendant's motion to vacate default judgment, but remand the February 18, 2022 order for a conforming order correcting the parties identified in the order.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-0264-22