983 A.2d 598 (2009)
410 N.J. Super. 501
NEW JERSEY DIVISION OF YOUTH AND FAMILY SERVICES, Plaintiff-Respondent,
v.
P.W.R., Defendant-Appellant, and
L.C. and C.R., Jr., Defendants.
In the Matter of A.R., A Minor.
No. A-1060-08T4
Superior Court of New Jersey, Appellate Division.
Submitted October 28, 2009.
Decided November 19, 2009.
*599 Yvonne Smith Segars, Public Defender, attorney for appellant (Mary Potter, Designated Counsel, on the brief).
Anne Milgram, Attorney General, attorney for respondent (Andrea M. Silkowitz, Assistant Attorney General, of counsel; Eva M. Serruto, Deputy Attorney General, on the brief).
Yvonne Smith Segars, Public Defender, Law Guardian, attorney for minor (Melissa R. Vance, Assistant Deputy Public Defender, on the brief).
Before Judges AXELRAD, FISHER and ESPINOSA.
*600 The opinion of the court was delivered by
FISHER, J.A.D.
The judge in this Title 9 action defaulted a defendant because she did not attend the factfinding hearing even though her attorney appeared to represent her interests. We conclude that, unless warranted by defendant's failure to comply with a prior order and the potential for default was adequately noticed, a judge is not authorized to enter a default in this circumstance. However, because the default had no meaningful impact, we affirm.
The Division of Youth and Family Services (the Division) commenced this action, claiming A.R. was abused or neglected within the meaning of N.J.S.A. 9:6-8.21(c), when subjected to corporal punishment while residing in the home of defendant C.R., Jr. (her biological father) and defendant P.W.R. (her stepmother).[1] In early 2008, when the events in question occurred, the child was sixteen years old. At the conclusion of a factfinding hearing, the trial judge found the child was abused and neglected. Only defendant P.W.R. (hereafter "defendant") has appealed.
On May 19, 2008, the first day of the hearing, defendant did not appear. Her counsel, however, did. At the beginning of the hearing, the judge revealed that the week before her chambers had received telephone calls from defendant regarding her inability to be present due to medical issues. The judge recounted that her secretary directed defendant to submit a note from her doctor concerning her inability to attend. The judge indicated that no such note was received and then stated:
I'm entering the default of both of the [defendants] today. They're both the targets, and they would be prohibited from putting on an affirmative defense unless theyunless they successfully move to vacate the defaults.
On that day, only one witness was called, a Division caseworker. Defendant's attorney was permitted to cross-examine.
On May 22, 2008, the second hearing date, the Division called the child's grandfather to the stand. Defendant's attorney was again permitted to cross-examine. When the testimony of that witness was completed, the Division rested. The judge then turned to defendant's counsel, as well as counsel for C.R., Jr., and stated:
[Y]our clients are still not here. So they're still in default, and you cannot put on affirmative cases. So may I assume that you're resting as well[?]
Defendant's attorney answered in the affirmative, but went on to explain how he had telephoned defendant the day before and was told by defendant's husband that she was medically unable to attend. Without commenting on the circumstances related by counsel, the judge again asked: "So you're resting?" Defendant's attorney reiterated that he was resting. All other defendants rested without calling any witnesses.
The next day, the judge heard the summations of counsel. Defendant's attorney was permitted to present a closing statement despite the entry of default. The judge reserved decision.
On June 10, 2008, the judge rendered an oral decision finding that defendant and C.R., Jr. abused and neglected the child. The judge indicated in her decision that the evidence presented by the Division was unopposed "because defendants failed to appear without just cause."
Defendant appealed, arguing:

*601 I. THE APPELLATE DIVISION SHOULD REVERSE THE FINDING OF FACT AGAINST [DEFENDANT] THAT SHE ABUSED AND NEGLECTED HER STEPDAUGHTER AS IT WAS NOT SUPPORTED BY SUBSTANTIAL CREDIBLE EVIDENCE IN THE RECORD, OR EVEN PRIMA FACIE EVIDENCE, AS THE TRIAL COURT IMPERMISSIBLY EXPANDED THE LEGAL DEFINITION OF CHILD ABUSE AND NEGLECT.
A. There Is No Basis For The Trial Court's Legal Conclusion That A.R. Was The Victim Of "Child Abuse."
B. There Is No Basis For The Trial Court's Legal Conclusion That The Conditions In A.R.'s Home Amounted To "Child Neglect."
II. THE TRIAL COURT IMPROPERLY ENTERED A DEFAULT AGAINST THE STEPMOTHER AS HER ATTORNEY WAS PRESENT IN COURT TO REPRESENT HER AND THE TRIAL COURT IMPROPERLY REFUSED TO CONSIDER THE MEDICAL EXCUSE FOR HER PRIOR ABSENCE.
We find insufficient merit in the arguments contained within Point I to warrant discussion in a written opinion. R. 2:11-3(e)(1)(E). On the other hand, for the following reasons, we agree the judge inappropriately entered default against defendant. However, we also conclude that the default had no impact on the judge's findings and, therefore, affirm.
The Division and the Law Guardian argue that a trial judge may enter default in such a case whenever a defendant fails to appear for trial. We disagree. Rule 4:43-1 provides the grounds upon which default may be entered. In pertinent part, the Rule states that default may be entered "[i]f a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend as provided by these rules or court order. . . ." Because a party represented by counsel may defend at trial without being physically present, default may not be entered when a party is not present at a trial absent evidence that the party has not otherwise defended as required by rule or court order. Neither the Division nor the Law Guardian, nor the judge in her rulings, has suggested that some other court rule permits entry of default.[2] As a result, we consider whether defendant failed to defend "as provided by. . . court order."
As a general matter, there are various ways in which a party's failure to adequately fulfill conditions imposed by a court order in discovery or in preparation for trial may ultimately permit the dismissal of a claim or the entry of default. See, e.g., Abtrax Pharm., Inc. v. Elkins-Sinn, Inc., 139 N.J. 499, 512-13, 655 A.2d 1368 (1995); Il Grande v. DiBenedetto, 366 N.J.Super. 597, 624, 841 A.2d 974 (App. Div.2004). In this case, however, the record does not reveal that defendant failed to honor any order or was adequately notified that such a failure would lead to the entry of default. To the contrary, defendant appeared in court on all prior occasions. And the orders entered on those occasions did not give notice that defendant's failure to appear at the factfinding hearing would authorize the entry of default.
The judge entered an order on February 29, 2008, which memorialized the actions taken by the judge on the return date of *602 an order to show cause. Defendant was in court on that occasion. That was the last time the matter was before the court prior to the factfinding hearing.
The February 29, 2008 order set forth the dates of the factfinding hearing and in bold lettering below the judge's signature stated:
THE FAILURE OF THE DEFENDANT(S) TO COMPLY WITH ANY PROVISION OF THIS ORDER OR THE DEFENDANT'S CONTINUING FAILURE TO APPEAR MAY RESULT IN DEFAULT BEING ENTERED BY THE COURT AND MAY RESULT IN THE COMMENCEMENT OF A TERMINATION OF PARENTAL RIGHTS PROCEEDING. A TERMINATION OF PARENTAL RIGHTS WOULD FREE THE CHILD(REN) FOR ADOPTION.
This is the notice upon which the Division and the Law Guardian rely in asserting that the judge appropriately defaulted defendant for failing to appear at the factfinding hearing.
We assume for present purposes that the inclusion of such a provision in a pretrial order is valid. Proceeding on that assumption, we note that the provision permits default only in two instances. The first is defendant's "failure . . . to comply with any provision of this order." It is undisputed that defendant complied with all provisions of that order and every prior order. Although the February 29, 2008 order indicates the hearing dates, it did not mandate defendant's appearance in court on those dates; accordingly, it cannot be said that her failure to appear for the hearing constituted a violation of the February 29, 2008 order.
The second basis for a default in the quoted language from the February 29, 2008 order is "defendant's continuing failure to appear." Because defendant had appeared on all prior occasions, as the judge indicated in her oral decision, her failure to appear for the factfinding hearing could not form the basis for a continuing failure. Therefore, this aspect of the February 29, 2008 order also did not authorize the default entered in this case.
A default based upon the failure to comply with an order requires as a predicate that the defendant received adequate notice that default may follow a failure to comply. N.J. Div. of Youth & Family Servs. v. T.J.B., 338 N.J.Super. 425, 433, 769 A.2d 1071 (App.Div.2001). As we have explained, the prior order did not indicate that defendant would be defaulted if she failed to appear for the factfinding hearing. Moreover, even if it were possible to parse the language of the prior order in a way that would suggest otherwise, a court should not enter default when fundamental fairness counsels against it.
It has been well-established that an application to vacate default "should be viewed with great liberality and every reasonable ground for indulgence is tolerated to the end that a just result is reached." Marder v. Realty Constr., Co., 84 N.J.Super. 313, 319, 202 A.2d 175 (App.Div.), aff'd, 43 N.J. 508, 205 A.2d 744 (1964). See also Mancini v. EDS ex rel. N.J. Auto. Full Ins. Underwriting Ass'n, 132 N.J. 330, 334, 625 A.2d 484 (1993); Prof'l Stone, Stucco & Siding Applicators, Inc. v. Carter, 409 N.J.Super. 64, 68, 975 A.2d 1039 (App.Div.2009); Goldhaber v. Kohlenberg, 395 N.J.Super. 380, 392, 928 A.2d 948 (App.Div.2007); Siwiec v. Fin. Res., Inc., 375 N.J.Super. 212, 219, 867 A.2d 485 (App.Div.2005); Reg'l Constr. Corp. v. Ray, 364 N.J.Super. 534, 540-41, 837 A.2d 421 (App.Div.2003). We have imported this same standard to the Family Part and have applied it in parental termination cases, where we emphasized that the great *603 liberality in permitting vacatur is "particularly important when the results have consequences of magnitude such as the termination of a parent's rights to his or her child." T.J.B., supra, 338 N.J.Super. at 434, 769 A.2d 1071. That same liberality should be applied with equal vigor when a court is asked to enter a default at trial.[3]
In such circumstances, a judge should examine the reasons for the defendant's failure to appear when ordered to do so and consider whether the defendant's presence is of sufficient importance on that occasion as to warrant the drastic step of entering default. For example, as we recognized in T.J.B., there may be conferences or pretrial hearings that do not necessarily require a defendant's input and involvement, but mainly or even exclusively require the involvement of counsel. 338 N.J.Super. at 433, 769 A.2d 1071. There may be portions of a factfinding hearing that also do not require a defendant's presence. A defendant's failure to appear on such occasions, even if ordered to do so, may not generate sufficient cause for the entry of default.
Moreover, we are of the view that the entry of a default  in light of the court's continuing requirement to conduct a hearing and make findings regardless of a defendant's presence or involvement  will often do little to advance any valid interests of the Division, the children or the court. As a result of the caution required in such instances, we cannot sustain the entry of an automatic default based upon a defendant's failure to appear. Default should not be entered absent clear notice to defendant of the potential for such an outcome and absent a principled consideration of all the circumstances to which we have alluded.
We turn to one final point. In urging that we uphold the judge's decision to enter default in this case, the Division relies upon N.J.S.A. 9:6-8.42, which declares that "[i]f the parent or guardian is not present, the court may proceed to hear a complaint under this act only if the child is represented by a law guardian." Proceeding in a party's absence is not the same as entering default. We do not question the judge's decision to proceed with the factfinding hearing in defendant's absence in this case. Defendant did not present any valid basis for an adjournment; indeed, defendant's counsel did not even ask for an adjournment. And defendant does not argue on appeal that the judge erred by proceeding with the factfinding hearing in her absence.
Default is different. As the judge declared in entering default here, defendant was precluded from putting on "an affirmative case." What the judge meant by this was not defined, but the common understanding attributable to this phrase would suggest that the default barred defendant from calling witnesses or offering other evidence. Such a ruling was not authorized or remotely suggested by N.J.S.A. 9:6-8.42.
Having concluded that the judge erred in entering default, we find it had no consequence here. As we have observed, *604 defendant's attorney was permitted to cross-examine the witnesses that were called and to give a closing statement. As we understand the judge's ruling in entering the default, defendant would likely have been precluded from doing much more at trial, but the record does not reveal that defense counsel had any witnesses to call or other evidence to offer. Indeed, even if defendant felt it was important to testify in the matter, she did not move to vacate the default in order to attempt to provide that testimony either before or after the judge rendered her decision. Accordingly, despite the inappropriate and potentially chilling effect of a default in such a circumstance, there is nothing in the record on appeal to suggest the hearing would have been different had the judge not entered default.
Affirmed.
NOTES
[1] Defendant L.C. is the child's biological mother. She resided in Georgia at the time.
[2] Rule 1:2-4(a) permits the entry of default on the day of trial when no appearance is made on behalf of a defendant. Here, as we have observed, defendant appeared through counsel and, thus, this rule had no application.
[3] The Division and the Law Guardian rely upon In re Guardianship of N.J., 340 N.J.Super. 558, 775 A.2d 32 (App.Div.), certif. denied, 170 N.J. 211, 785 A.2d 439 (2001), where we upheld the denial of a motion to vacate a default judgment in a parental termination case. If for no other reason, that case is distinguishable because the defendant had a lengthy history of failing to appear and of failing to comply with other orders in both the Title 9 and Title 30 proceedings. Id. at 560, 775 A.2d 32. We found in those circumstances no abuse of discretion in the denial of a motion for relief from a default judgment. Id. at 561, 775 A.2d 32.