NOT FOR PUBLICATION WITHOUT THE
 APPROVAL OF THE APPELLATE DIVISION
 This opinion shall not "constitute precedent or be binding upon any court."
 Although it is posted on the internet, this opinion is binding only on the
 parties in the case and its use in other cases is limited. R.1:36-3.

 SUPERIOR COURT OF NEW JERSEY
 APPELLATE DIVISION
 DOCKET NO. A-0531-15T2

ALEX GLOUCK,

 Plaintiff-Respondent,

v.

ANTON SKVORTSOV,

 Defendant-Appellant,

and

IRINA G. HYMAN,

 Defendant.

________________________________________________________________

 Argued November 29, 2016 – Decided July 28, 2017

 Before Judges Messano and Espinosa.

 On appeal from Superior Court of New Jersey,
 Law Division, Bergen County, Docket No L-4409-
 13.

 Michael Confusione argued the cause for
 appellant (Hegge & Confusione, LLC, attorneys;
 Mr. Confusione, of counsel and on the brief).

 Robert G. Ricco argued the cause for
 respondent.

PER CURIAM
 Defendant Anton Skvortsov1 appeals from a default judgment

entered following a proof hearing after he refused to participate

in a scheduled trial. We affirm.

 Plaintiff filed a complaint against Skvortsov and his mother,

Irina Hyman, in June 2013, alleging negligence, assault and

battery, and intentional infliction of emotional distress.

According to the complaint, plaintiff visited business premises

owned by Hyman in the Dominican Republic to examine the inventory

of her food-importing business. Defendant, who met plaintiff upon

his arrival, became angry, walked away and then returned with a

machete which he used to attack plaintiff, injuring him.

 Defendants filed an answer, denying the allegations, and a

counterclaim, which was later withdrawn. They dismissed their

attorney in the spring of 2015 and appeared pro se thereafter.

 Trial was initially scheduled for June 8, 2015. The trial

date was adjourned to July 27, 2015, after defendants filed notice

they were dismissing their attorney.

 On June 5, 2015, defendant filed a motion to dismiss the

complaint for lack of subject-matter jurisdiction, forum non

conveniens, lack of standing and failure to state a claim upon

1
 The trial judge dismissed all charges against Irina Hyman and
she is not a party to this appeal. When "defendant" is used in
this opinion, it refers to Skvortsov.

 2 A-0531-15T2
which relief can be granted. Plaintiff filed a cross-motion for

summary judgment. Both motions were denied by the trial judge as

untimely in light of the July 27 trial date.

 On July 27, the parties appeared for trial. Defendant

announced at the outset he was "not ready to proceed with the

trial" because, he contended, despite the trial judge's ruling on

his prior motion, he had the right to a plenary hearing on his

arguments. The trial judge explained that the trial scheduled for

that date was the hearing defendant sought.

 The trial judge reviewed with defendant and Hyman that it was

their choice to proceed without an attorney and then asked if they

had any request before the trial commenced. Defendant stated:

 I would like to state only for the record I
 am not ready to proceed with trial because the
 – the jurisdiction, which has been challenged,
 and it can be challenged at any time, even as
 late as the appeal process.

 This challenge has issued to this Court,
 and I require that this jurisdiction will be
 established, as along as – along with
 plaintiff's standing in front of this Court
 before we can proceed to any trial.

 [(Emphasis added).]

 In short, although defendant's motion had been denied, he

insisted his arguments be addressed on the merits before a trial

could proceed. After questioning the parties, the trial judge

noted plaintiff was a resident of Bergen County; defendants were

 3 A-0531-15T2
residents of Hudson County; defendants had availed themselves of

the jurisdiction of the court by filing an answer and counterclaim

through counsel; and defendants' challenge to the court's

jurisdiction was made approximately two years after the complaint

was filed. The trial judge declined to dismiss the complaint,

finding the court had jurisdiction over the matter.

 After the trial judge stated her reasons for denying his

request, defendant stated,

 Your Honor, I believe that I gave sufficient
 reason and I am not ready to proceed with the
 trial. And if there's nothing else, I cannot
 – I stand by my paperwork, Your Honor,
 respectfully.

 The trial judge proceeded to question plaintiff's counsel and

then defendant as to whether they had submitted a pretrial

exchange. Defendant's response and the ensuing colloquy with the

court follow:

 [DEFENDANT]: If I may, though, I understand
 your question, Your Honor, but
 because I know that – I believe
 there's no basis, that I don’t
 believe that I am required to
 go through the trial until the
 matter – until this matter is
 addressed. So, I have nothing
 else to say.

 THE COURT: Okay, what do you mean that
 you're not required to go to
 trial?

 4 A-0531-15T2
 [DEFENDANT]: I am not ready to proceed with
 the trial, Your Honor, because
 that I still don’t see –
 because there's still the
 matter of plaintiff's
 standing, and the Court's
 subject matter jurisdiction
 have not been addressed.

 We owed no duty to [the
 plaintiff] . . . . And I am
 not willing to submit to this
 Court's jurisdiction until the
 duty that we supposedly owed to
 [plaintiff] has been
 established.

 THE COURT: So, you're not going to
 participate in this trial?

 [DEFENDANT]: I am not going to participate
 in this trial until this matter
 is addressed. I refuse to be
 a victim to my lawyers [sic]
 incompetent – whatever he was
 doing.[2]

 [(Emphasis added).]

 After further dialogue about defendant's decision not to hire

another attorney, this exchange occurred:

 THE COURT: All right. So, your request
 was denied. Do you understand
 that?

 [DEFENDANT]: I understand, Your Honor.

2
 Defendant contended that his attorney ignored his directions by
filing a counterclaim rather than a motion challenging
jurisdiction.

 5 A-0531-15T2
THE COURT: All right. And your position
 now is that you refuse to
 proceed with the trial?

[DEFENDANT]: Your Honor, may I respectfully
 ask –

THE COURT: What I can do is this – it's
 ten of 3:00 – what I can do is,
 respectfully, give you the
 rest of the afternoon and you
 come back tomorrow with a
 fresh, clear mind, and you can
 collect your thoughts, and be
 ready to proceed to defend the
 claims that are presented.

 That's what I can do for you,
 not to ram it through right now
 at the – at this point. . . .
 Now, I've heard the
 application to dismiss for
 lack of jurisdiction, and to
 dismiss for forum non
 conveniens. That's been
 denied. The matter is here for
 trial. All the parties live in
 New Jersey, plaintiff in
 Bergen County, defendant in
 Hudson County.

 . . . .

 It's more or less not unusual
 to see this type of claim for
 compensation. They could be
 awarded. They could be
 dismissed. I have no idea what
 will happen. But . . . for you
 to say, I simply refuse to go
 ahead, that’s going to push the
 issue to a very negative
 result, and, perhaps, even
 default being entered against

 6 A-0531-15T2
 you, which I would rather not
 have to do.

 [(Emphasis added).]

 Although he stated he understood, defendant asked "on whose

authority" the court was denying him his "due process" rights.

The trial judge stated again that the application had been denied

and, noting defendant had not requested time to obtain another

attorney, the trial would proceed and defendant could appeal the

denial of his motion.

 Defendant then asked for "an Order from this hearing, and

. . . sufficient time to be able to review everything that's been

said during the session," which he later modified to a request for

one week. The trial judge denied the adjournment request and said

defendant would have to pursue that with the presiding judge.

 After the trial judge questioned plaintiff's counsel

regarding the jury demand, defendant yet again made "one last

request" -- that the trial judge "state only for the record the

reason for denial of [his] request and [his] paperwork." The

trial judge replied she had already given the reasons and then

arranged for the parties to appear before the presiding trial

judge the following morning.

 We do not have a transcript of the proceeding before the

presiding judge. However, the account provided by plaintiff's

 7 A-0531-15T2
counsel to the trial judge is not disputed. Counsel stated that

when they appeared before the presiding trial judge, defendant

"did not ask for an adjournment, technically . . . . He said he

didn’t need an adjournment. He went back into the discussion

about jurisdiction. So, . . . there's no adjournment is the net

result."

 When the trial judge addressed defendant and Hyman to

ascertain if they understood the matter had been assigned back to

trial, defendant repeated the same objection:

 Excuse me, Your honor. I'm not ready to
 proceed with the trial until only for the
 record this Court states how it has – under
 which presumed jurisdiction – under which
 assumed jurisdiction, and until plaintiff
 proves its standing in front of the Court.

 The trial judge then directed that opening statements should

proceed. Defendant objected, stating, "Please, could you state

them only for the record why you are denying me my due process."

The trial judge replied she had already ruled on the motion.

Defendant then stated,

 For the record show . . . that the [j]udge
 refuse to state – state under which presumed
 jurisdiction, assume jurisdiction without the
 plaintiff proving their standing on my demand,
 that the [c]ourt is still intending to proceed
 to trial.

 Once again, the trial judge confirmed that both defendants

had been residents of Hudson County since at least as early as

 8 A-0531-15T2
2012 when the incident occurred. She then stated the trial would

start.

 At this point, plaintiff's counsel made an oral motion for

default against defendant and Hyman "if [defendant is] going to

continue to object as to proceeding on the trial" on the ground

that defendant and Hyman were "refusing to participate in the

trial." The trial judge engaged in the following colloquy with

defendant:

 THE COURT: Mr. Skvortsov, are you now
 going to proceed and defend on
 this case?

 [DEFENDANT]: I am not going to proceed with
 the trial for the reasons
 stated on the . . . record.

 THE COURT: All right. So, you are not
 going to participate and
 defend yourself through the
 course of plaintiff's
 presentation. Correct?

 [DEFENDANT]: I stand by my paperwork. I
 stand by the statements I made
 only for the record.

 Based on these statements, the trial judge granted the request

of plaintiff's counsel to enter default against defendant and

Hyman on liability and to proceed to an assessment of damages.

Plaintiff testified that defendant cut him with a machete, twice

to the head, and slashed him to the bone on his left forearm,

severing all his nerves, tendons and blood vessels. During the

 9 A-0531-15T2
course of plaintiff's testimony, defendant rose and asked the

court:

 Excuse me, Your Honor. Since I'm not
 participating . . . in these proceedings on
 the reasons stated on the record, may I please
 leave and be notified when we will have to
 recess to appear here?

 The trial judge asked if he wished to be excused; he stated

he did. The trial judge sought further clarification:

 THE COURT: All right. Okay. We'll stop
 for now, take a – a short
 recess. You can be excused and
 leave. If – is that what
 you['re] asking to leave –

 [DEFENDANT]: No, I'm asking –

 . . . .

 I'm asking permission to
 leave, and can you please tell
 me when to be back here once
 you're done with the
 proceedings, and after the
 recess that you're going to
 take after hearing the . . .
 plaintiff's case?

 THE COURT: Well, what I intend to do is to
 issue a written decision based
 on the presentation now this
 morning.

 [DEFENDANT]: Uh-huh. I understand.

 THE COURT: You're welcome to stay and
 continue to listen and
 participate as best you can as
 a defaulted defendant. But if
 you're asking, instead, for

 10 A-0531-15T2
 permission to leave, I
 have . . . no problem with
 that if you want to.

 Defendant stated he "really appreciate[d] [the court]

accommodating" him and Hyman and elected to leave. After hearing

the remainder of plaintiff's testimony regarding his injuries,

medical treatment and impact on his life, the trial judge entered

an order awarding plaintiff $153,200 against defendant and set

forth her reasons in a sixteen-page written decision.

 Defendant did not seek to vacate the default or file a motion

to vacate the default judgment entered against him pursuant to

Rule 4:50-1. Instead, he filed a direct appeal from that judgment,

arguing the judgment should be vacated because the trial judge

erred in entering default against defendants and proceeding with

a proof hearing (Point I). He argues further that the trial court

violated his right to a trial by jury (Point II); erred in failing

to dismiss the complaint on forum non conveniens grounds (Point

III); erred in failing to apply the laws of the Dominican Republic

(Point IV); and erred in refusing to grant his adjournment request

(Point V).

 The only argument that merits discussion is defendant's

challenge to the entry of default against him.

 Rule 4:43-1 states, in pertinent part:

 11 A-0531-15T2
 If a party against whom a judgment for
 affirmative relief is sought has failed to
 plead or otherwise defend as provided by these
 rules or court order, or if the answer has
 been stricken with prejudice, the clerk shall
 enter a default on the docket as to such party.

 [(Emphasis added).]

 Significantly, the basis for entering a default is not limited

to a failure to defend as required by the Rules; it applies to a

defendant's failure to "defend as provided by" the Rules. Ibid.

 "As a general matter, there are various ways in which a

party's failure to adequately fulfill conditions imposed by a

court order in discovery or in preparation for trial may ultimately

permit the dismissal of a claim or the entry of default." N.J.

Div. of Youth & Family Servs. v. P.W.R., 410 N.J. Super. 501, 506

(App. Div. 2009), rev'd on other grounds, 205 N.J. 17 (2011). More

typical examples of such failures include "[f]ailures to file

responsive pleadings or to appear when required to litigate the

matter." N.J. Div. of Youth & Family Servs. v. M.G., 427 N.J.

Super. 154, 168 (App. Div. 2012).

 A defendant represented by counsel does not necessarily fail

to defend by refusing to attend or participate at trial because

the attorney can litigate the defense on his behalf. See P.W.R.,

supra, 410 N.J. Super. at 506 ("Because a party represented by

counsel may defend at trial without being physically present,

 12 A-0531-15T2
default may not be entered when a party is not present at a trial

absent evidence that the party has not otherwise defended as

required by rule or court order.").

 In this case, defendant appeared pro se and declined the

trial judge's suggestion that he secure another attorney.

Therefore, both his physical presence and participation were

required in order for him to "defend as provided by" the Rules.

R. 4:43-1. And, his stated reason for refusing to participate

failed to justify his failure to defend.

 Defendant first refused to participate in the trial on the

ground that his motion had been denied on procedural grounds and

demanded it be decided on the merits. The trial judge explained

the procedural basis for the denial but went further, to decide

the motion on the merits. Despite her acceding to his request,

defendant continued to demand she state reasons for denying his

motion to dismiss and was adamant that he would not participate

in the trial.

 In response, the trial judge advised defendant that she had

decided the motion and the matter would be tried. When he

continued to refuse to participate, she offered to adjourn for the

day, to "give [him] the rest of the afternoon and . . . come back

tomorrow with a fresh, clear mind," so he could "collect [his]

thoughts, and be ready to proceed to defend the claims that are

 13 A-0531-15T2
presented." She also cautioned him as to the consequence of

refusing to participate in the trial:

 [F]or you to say, I simply refuse to go ahead,
 that’s going to push the issue to a very
 negative result, and, perhaps, even default
 being entered against you, which I would
 rather not have to do.

 Despite this caution, defendant doggedly persisted in

refusing to participate. In effect, he insisted his motion to

dismiss be granted and would not brook the trial court's decision

to deny the motion and proceed to trial.

 In addition to unequivocally refusing to defend himself,

defendant chose to absent himself from trial. Here, again, the

trial judge attempted to encourage him to engage in the litigation,

advising that if he stayed, he could "continue to listen and

participate as best [he could] as a defaulted defendant."

 Certainly, the procedure followed here, to enter default

against a recalcitrant defendant, would only be appropriate in

very rare circumstances. We are satisfied that such circumstances

existed here, where defendant repeatedly and unequivocally refused

to participate in or attend the trial after being adequately

advised by the trial judge as to the consequences of his action.

His conduct clearly constituted a failure to defend, falling within

the grounds for a default under Rule 4:43-1. Moreover, in light

of his continuing refusal, we discern no logical basis for the

 14 A-0531-15T2
trial court to expend the resources necessary to conduct a full-

scale trial, impaneling a jury to consider what, in effect, would

have been the proof hearing that was conducted.

 Defendant's remaining arguments lack sufficient merit to

warrant discussion. R. 2:11-3(e)(1)(E).

 Affirmed.

 15 A-0531-15T2