```
┌─────────────────────────────────────────────────────────┐
│              NOT FOR PUBLICATION WITHOUT THE              │
│            APPROVAL OF THE APPELLATE DIVISION             │
│                                                          │
│  This opinion shall not "constitute precedent or be binding upon any court." │
│  Although it is posted on the internet, this opinion is binding only on the  │
│    parties in the case and its use in other cases is limited. R.1:36-3.      │
└─────────────────────────────────────────────────────────┘
```

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-4973-14T4

BRIAN D. ASARNOW,

    Plaintiff-Appellant,

v.

CITY OF LONG BRANCH, a municipal
corporation of NJ; ADAM SCHNEIDER,
Mayor; MARY JANE CELLI, Councilwoman;
HOWARD WOOLLEY, Administrator;
KEVIN HAYES, Director of Building &
Development; MICHELLE BERNICH,
Zoning Officer; TERRY JANECZEK,
Chairperson, Zoning Board; MICHAEL
IRENE, Zoning Board Attorney; ZONING
BOARD; EDWARD BRUNO and E&L PAVING,
INC.; RAYMOND GRIECO and ATLANTIC
PAVING (& COATING), LLC; JOE ROSARIO
& ROSARIO CONTRACTING CORP., d/b/a
ROSARIO MAZZA DEMOLITION AND RECYCLING
CO.; CUSTOM LAWN SPRINKLER CO., LLC,

    Defendants-Respondents,

and

R. BROTHERS CONCRETE, LLC, RICHARD
BRAHA and SEASHORE DAYCAMP,

    Defendants.

_____

Submitted January 23, 2017 — Decided  September 18, 2017

Before Judges Sabatino, Nugent, and Currier.

On appeal from Superior Court of New Jersey, Law Division, Monmouth County, Docket No. L-4039-11.

Hegge & Confusione, LLC, attorneys for appellant (Michael Confusione, of counsel and on the brief).

Ansell, Grimm & Aaron, PC, attorneys for respondents City of Long Branch, Adam Schneider, Mary Jane Celli, Howard Woolley, Kevin Hayes, Michelle Bernich, Terry Janeczek, Michael Irene and Zoning Board of Adjustment (Barry M. Capp, of counsel and on the brief).

Paul R. Edinger, attorney for respondents Edward Bruno and E&L Paving, Inc., Ray Greico and Atlantic Paving (& Coating), LLC, Joe Rosario and Rosario Contracting Corp., and Custom Lawn Sprinkler Co., LLC.

PER CURIAM

Plaintiff Brian D. Asarnow appeals from an October 3, 2014 order granting summary judgment in favor of defendants City of Long Branch and public officials Adam Schneider, Mary Jane Celli, Howard Woolley, Kevin Hayes, Michelle Bernich, Terry Janeczek, Michael Irene, and Long Branch Zoning Board of Adjustment ("Zoning Board"), ("public defendants"). Plaintiff also appeals from trial court orders vacating defaults against certain defendants and from a June 11, 2015 order memorializing a jury verdict entered in favor of defendants Edward Bruno, E&L Paving, Inc., Ray Greico, Atlantic Paving and Coating, LLC, Joe Rosario, Rosario Contracting

Corp., Rosario Mazza Demolition and Recycling Co., and Custom Lawn Sprinkler Co., LLC ("private defendants").

Plaintiff has owned property in Long Branch since 1995 and has used the property as an office, a lab, for light manufacturing, and rental space. Private defendants owned an adjacent lot. Bruno purchased the property in the 1960s to operate an asphalt paving business, E&L Paving, Inc., and he leased the property to other contractors throughout the years. In 2009, Bruno rented the property to Greico, Rosario, and their respective contracting companies. The land straddles an industrial zone, a commercial zone, and a residential zone.

On August 3, 2009, E&L and Atlantic Paving obtained a zoning permit to operate a paving company and contractor's yard. In response to the permit, plaintiff commenced a letter writing campaign to have it revoked, writing letters to the City's Mayor and Business Administrator. On January 27, 2010, the City Director of Building and Development and Fire Marshal sent a "Notice of Violation" to Atlantic Paving, asserting it had exceeded the use of the August 2009 permit. On April 30, 2010, plaintiff filed a verified complaint in lieu of prerogative writs seeking to: void the August 2009 permit issued to E&L and Atlantic Paving; compel Long Branch to enforce the Notice of Violation; and provide plaintiff unfettered access to his property. Asarnow v. City of

<u>Long Branch</u>, A-0999-10 (App. Div. May 6, 2013). He asserted the public defendants' issuance of the permit was "ultra vires."

Subsequently, public defendants filed a motion to dismiss. On August 27, 2010, the trial judge granted defendants' motion, concluding plaintiff failed to exhaust administrative remedies and comply with <u>Rule</u> 4:69-5. Plaintiff appealed. <u>Asarnow v. City of Long Branch</u>, No. A-0999-10 (App. Div. May 6, 2016). We affirmed.

In October 2011, while plaintiff's appeal was pending, he filed a ten-count complaint against the public and private defendants, which included claims for nuisance, intentional infliction of emotional distress, interference with prospective economic advantage, breach of fiduciary duty, civil conspiracy, Section 1983 violations, and breach of contract. The private defendants initially failed to respond to the complaint, prompting the entry of default. Edward Bruno and E&L Paving moved to vacate default. The trial court granted their motion. The trial court granted the remaining defendants' motions and vacated the defaults against them.

After discovery, the public defendants moved for summary judgment. On October 3, 2014, in a comprehensive oral opinion, the court granted the motion for many reasons, including the entire controversy doctrine, the Tort Claims Act, the statute of

limitations, and plaintiff's failure to present a prima facie case for each of his respective claims.

Trial commenced in May 2015 against the private defendants based on plaintiff's claims for nuisance and intentional infliction of emotional distress. During the trial, the court's evidentiary rulings included denying the admission by plaintiff of evidence concerning zoning violations, a website hacking, and an alleged "arson," finding that the probative value of such evidence would be substantially outweighed by undue prejudice and risk of jury confusion. The jury rendered a verdict in favor of the private defendants. This appeal followed.

Plaintiff raises the following arguments:

Point I

> The trial court erred in precluding plaintiff from introducing before the jury at trial evidence of prior and ongoing zoning violations by the private defendants and evidence that defendants' activities on their adjoining properties exceeded those permitted during the time period in question, and in precluding other key evidence relevant to proving plaintiff's nuisance claim against the private defendants. Precluding this evidence at trial deprived plaintiff of a fair trial on his nuisance claim and warrants reversal and remand for a new trial.

<u>Point II</u>

> The trial court erred in granting summary judgment to the City of Long Branch and its public officials and denying [p]laintiff's summary judgment for injunctive relief.

<u>Point III</u>

> The trial court erred in granting the motion to vacate default by defendants Raymond Greico, Atlantic Paving [&] Coating, LLC, Joe Rosario, Rosario Contracting Corp., and Custom Lawn and Sprinkler Company.

<u>Point IV</u>

> The trial court erred in allowing the opposition appraiser's methodology which prejudiced [p]laintiff's damages claim; defendants should not be permitted to violate case law and professional standards upon any remand.

We affirm the grant of summary judgment to the municipal defendants substantially for the reasons expressed by Judge Jamie S. Perri in her comprehensive oral opinion. Plaintiff's remaining claims concerning the order vacating default and alleged trial errors are without sufficient merit to warrant discussion in a written opinion. <u>R.</u> 2:11-3(e)(1)(E). We add only the following comments.

Motions to "vacate default[s] 'should be viewed with great liberality,'" <u>N.J. Div. of Youth & Family Servs. v. P.W.R.</u>, 410 <u>N.J. Super.</u> 501, 508 (App. Div. 2009) (quoting <u>Marder v. Realty Constr. Co.</u>, 84 <u>N.J. Super.</u> 313, 319 (App. Div. 1964)) and trial

A-4973-14T4

courts are vested with sound discretion to grant or deny such motions but should resolve all doubts in favor of a party seeking relief, Mancini v. EDS ex rel. N.J. Auto. Full Ins. Underwriting Ass'n, 132 N.J. 330, 334 (1993). When we review a trial court's exercise of discretion, "[t]he question is only whether the trial judge pursued a manifestly unjust course." Gittleman v. Cent. Jersey Bank & Trust Co., 103 N.J. Super. 175, 179 (App. Div. 1967), rev'd on other grounds, 52 N.J. 503 (1968). We cannot conclude from our review of the record that the trial court pursued a manifestly unjust course in vacating default here.

Similarly, we review a trial court's evidentiary rulings for an abuse of discretion. Villanueva v. Zimmer, 431 N.J. Super. 301, 310 (App. Div. 2013); Benevenga v. Digregorio, 325 N.J. Super. 27, 32 (App. Div. 1999) (citing State v. Erazo, 126 N.J. 112, 131 (1991)), certif. denied, 163 N.J. 79 (2000); Bitsko v. Main Pharmacy, Inc., 289 N.J. Super. 267, 284 (App. Div. 1996) (citing Ratner v. Gen. Motors Corp., 241 N.J. Super. 197, 202 (App. Div. 1990)). We will not reverse a trial court's evidentiary rulings absent a palpable abuse of discretion, that is, the court's decision "was so wide of[f] the mark that a manifest denial of justice resulted." Green v. N.J. Mfrs. Ins. Co., 160 N.J. 480, 492 (1999) (quoting State v. Carter, 91 N.J. 86, 106 (1982)). Applying those standards, we find that none of the trial court's

7

evidentiary rulings require such findings of manifest injustice. Consequently, the outcome of the trial should not be set aside.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION