**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court."
Although it is posted on the internet, this opinion is binding only on the
parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-0167-17T4

WILMINGTON SAVINGS FUND
SOCIETY, FSB, d/b/a
CHRISTIANA TRUST, not in
its individual capacity
but solely as trustee for
BCAT 2015-13ATT,

    Plaintiff-Respondent,

v.

ANDREW J. CHOE,

    Defendant-Appellant,

and

MRS. ANDREW J. CHOE, his wife;
PARK PLACE AT PALISADES PARK
PHASE II CONDOMINIUM
ASSOCIATION; PNC BANK,
SUCCESSOR TO MIDLANTIC
COMMERCIAL LEASING
CORPORATION; and JALBERT
PRODUCTIONS INC.,

    Defendants.

_____

Submitted June 6, 2018 — Decided June 28, 2018

Before Judges Nugent and Geiger.

On appeal from Superior Court of New Jersey, Chancery Division, Bergen County, Docket No. F-011349-16.

Park & Kim, LLC, attorneys for appellant (Kyungjoo Park, on the brief).

Knuckles Komosinski & Manfro LLP, attorneys for respondent (John E. Brigandi, on the brief).

PER CURIAM

Defendant Andrew Choe appeals from a March 17, 2017 order denying his motion to vacate default and an August 1, 2017 final judgment of foreclosure. We affirm.

We glean the following facts from the record. On December 21, 2006, defendant executed a promissory note and a purchase money mortgage in the amount of $368,500 to Wells Fargo Bank, N.A. securing a residential condominium unit located in Palisades Park, New Jersey (the Property). The mortgage was assigned to Federal Home Loan Mortgage Corporation by assignment dated November 9, 2009, and recorded February 1, 2010. The mortgage was subsequently assigned to Wells Fargo, N.A. by assignment dated July 21, 2105, and recorded September 25, 2015. The mortgage was ultimately assigned to plaintiff Wilmington Savings Fund Society, FSB, d/b/a Christiana Trust, not in its individual capacity but solely as Trustee for BCAT 2015-13ATT, by assignment dated August 7, 2015, and recorded November 16, 2015.

Defendant defaulted on his monthly payment obligations due under the note and mortgage in August 2009. After conducting a title search of the property in November 2015, plaintiff served defendant with a Notice of Intent to Foreclose by certified mail on February 17, 2016. Defendant failed to cure the default and plaintiff instituted this action on April 22, 2016.

Plaintiff attempted to personally serve defendant at the Property address on April 28, 2016, but a male tenant informed the process server that defendant does not reside at the Property. The tenant refused to provide any additional information regarding defendant's whereabouts. Having failed to personally serve defendant, plaintiff conducted a diligent inquiry to locate plaintiff, which included a search of postal records, tax records, voter registration records, and Department of Motor Vehicles records. Those searches all indicated plaintiff resided at the Property address.

On June 23, 2017, plaintiff filed a certification of non-military service with the court, indicating defendant was not on active duty service. Since no additional addresses were found for defendant, plaintiff effectuated service by publication on July 7, 2016. Defendant failed to answer the complaint or file a responsive pleading. On August 16, 2017, plaintiff filed a certification of inquiry with the court, outlining the efforts

3

made to locate defendant and stating defendant was unable to be located for purposes of service.

On August 25, 2016, plaintiff filed a request to enter default against defendant. On September 14, 2016, plaintiff sent a copy of the request for default to the Property addressed to defendant. On the same date, plaintiff sent a copy of the "Notice of Entry of Final Judgment 'Notice to Cure'" letter to the Property address via regular and certified mail. The court subsequently entered default.

On January 26, 2017, plaintiff moved for entry of final judgement. A copy of the moving papers was sent to defendant at the Property address via regular and certified mail. Defendant filed an appearance and opposition to the motion. Shortly thereafter, defendant moved to vacate default. Plaintiff opposed the motion.

The trial court denied defendant's motion on March 17, 2017. In its written statement of reasons, the trial court stated:

> A default may be set aside upon the movant's showing of good cause. R. 4:43-3. The [c]ourt is required to view an application to vacate a default with great liberality. See, e.g., DYFS v. P.W.R., 410 N.J. Super. 501, 508 (App. Div. 2009), rev'd on other grounds, 205 N.J. 17 (2011). A finding of good cause under [Rule] 4:43 requires the [c]ourt to exercise sound discretion in light of the facts and circumstances of the particular case. See O'Connor v. Abraham

Altus, 67 N.J. 106, 129 (1975).  However, when the defendant takes no action to respond to the foreclosure complaint and where the record reflects no excuse for the defendant's inaction, the [c]ourt will not grant relief from an entry of default.  US Nat. Ass'n v. Guillaume, 209 N.J. 449, 469 (2012).

Also, before entry of default is set aside, the defendant must, at the very least, show the presence of a meritorious defense worthy of judicial consideration.  Local 478 v. Baron Holding Corp., 224 N.J. Super. 485, 489 (App. Div. 1988).  "The requirement for establishing a meritorious defense is especially applicable in foreclosure cases."  Wells Fargo Bank[, N.A.] v. Wharwood, [No. A-0135-14 (App. Div. Feb. 18, 2016) (slip. op. at 5)].  Thus, a party's motion to vacate a default must be accompanied by either an answer to the complaint and Case Information Statement or a dispositive motion pursuant to [Rule] 4:6-2.  R. 4:43-3.

Here, [d]efendant claims that he was unaware of the foreclosure action against him, because he never received the summons and complaint and never received a notice of intention to foreclose. However, [d]efendant signed the certified green card accepting receipt of the notice of intention to foreclose.  Also, when the process server attempted to personally serve [d]efendant at the mortgaged address, an individual at the property informed the process server that [d]efendant did not reside there and did not provide any further information regarding [d]efendant's residence.  After conducting a diligent inquiry with the motor vehicle commission and the postmaster, [p]laintiff could not find another address for [d]efendant and thus served [d]efendant via publication. Further, [d]efendant signed for the certified mailing enclosing [p]laintiff's 14[-]day letters at the mortgaged address prior to

5

commencement, and [d]efendant did not deny receipt of [p]laintiff's motion for final judgment which was also sent to the mortgaged address. Finally, [d]efendant has been in default under the terms of his note and mortgage since August 1, 2009. Thus, the [c]ourt cannot accept that [d]efendant was unaware of the instant foreclosure action.

Also, [d]efendant has failed to present any meritorious defense. The only material issues in a foreclosure proceeding are the validity of the mortgage, the amount of indebtedness, and the right of the mortgagee to foreclose on the mortgaged property. <u>Great Falls Bank v. Pardo</u>, 263 N.J. Super. 388, 394 (Ch. Div. 1993). Also, [p]laintiff has demonstrated standing as either possession of the note or assignment of the mortgage predating the complaint confers standing. <u>Deutsche Bank [Trust Co. Am.] v. Angeles</u>, 428 N.J. Super. 315 (App. Div. 2012). Here, [p]laintiff has possession of the note and an assignment predating the complaint. Thus, [d]efendant fails to challenge any essential element of [p]laintiff's right to foreclose.

On July 24, 2017, the trial court granted plaintiff's motion to enter judgment. In its written statement of reasons, the trial court found plaintiff submitted appropriate business records and invoices to support its calculations of the amounts due, thereby complying with <u>Rule</u> 4:64-2. As to the interest charged, defendant contended plaintiff understated the amount of interest he owed by $2355.74. Similarly, defendant contended plaintiff understated the amount of late charges he owed. The trial court indicated it

would not increase the amount of interest and late charges due beyond the amounts set forth in plaintiff's proofs.

Defendant also contended plaintiff did not adequately support the amount of real estate taxes and inspection fees claimed due. The trial court rejected this argument, observing:

> Defendant does not state what [d]efendants believe that the amount due should be. Thus [d]efendants fail to make a <u>specific</u> objection to any of the amounts asserted as required under [<u>Rule</u>] 4:64-9 nor have [d]efendants supported the objections with any proof. Defendants have only questioned the adequacy of [p]laintiff's proofs. As [d]efendants did not file any opposing proofs concerning the amount due, [p]laintiff's calculations are uncontested.

The Office of Foreclosure denied entry of judgment due to the improper inclusion of a superior lien holder as a defendant. On June 23, 2017, plaintiff re-filed its motion for entry of final judgment, correcting the deficiency raised by the Office of Foreclosure. Once again, defendant opposed the motion. On July 24, 2017, the trial court rejected defendant's objections, granted the motion, and transferred the case to the Office of Foreclosure as an uncontested matter. Final judgment was entered on August 1, 2017. This appeal followed.

On appeal, defendant raises the following points:

POINT I

STANDARD OF REVIEW: ABUSE OF DISCRETION.

POINT II

THE CAUSE OF DELAY AND RESPONDING WITHIN A
REASONABLE TIME SHOWN BY THE DEFENDANT WELL
QUALIFIES FOR EXCUSABLE NEGLECTS.

POINT III

AMPLE MERITORIOUS DEFENSES WERE SHOWN BY
DEFENDANTS: MERITORIUS DEFENSES DO NOT NEED
TO BE STRONG.

A. Defective service of process.

B. Fraudulent title search before
filing complaint warrants the
dismissal of complaint and sanction
against Plaintiff, its attorneys,
and its employees.

C. Amount Due Schedule for final
judgment is erroneous and
unsupportive enough to vacate the
judgment.

POINT IV

TRIAL COURT CLEARLY ABUSED ITS DISCRETION BY
DISREGARDING EXCUSABLE NEGLECTS AND ARGUABLE
MERITORIOUS DEFENSES; THEREBY UNJUST,
OPPRESSIVE OR INEQUITABLE RESULTS WERE
SUBSTANTIATED.

We have carefully considered defendant's arguments in light

of the record and applicable legal standards and find them

unpersuasive. We affirm the denial of defendant's motion to vacate

default and the entry of final judgment substantially for the

reasons expressed by the trial court in its written decisions. We

add the following comments.

8

Defendant received notice of the proceedings in this matter consistent with due process. Notices were sent to the Property. Plaintiff undertook diligent inquiry in an effort to ascertain defendant's address in accordance with Rule 4:4-5. Plaintiff accomplished service of process by publication in compliance with Rule 4:4-5(a)(3).

The record also establishes plaintiff obtained a title search of the Property before filing this action. The title search is dated November 12, 2015. The complaint was filed on April 22, 2016.

As to defendant's objections to the amounts claimed due for interest, late fees, realty taxes, and inspection fees, plaintiff supplied all of the required documents at the time it filed its motion pursuant to Rule 4:64-2, including an affidavit of amount due with an attached schedule detailing those amounts. Defendant did not provide any conflicting proof as to the amount of realty taxes and inspection fees advanced by plaintiff. In light of the substantial documentation supporting plaintiff's motion for entry of judgment, we conclude that defendant's objection to the amount claimed due for realty taxes and inspection fees lacks the requisite specificity required by Rule 4:64-1(d)(3). See also Mony Life Ins. Co. v. Paramus Parkway Bldg., Ltd., 364 N.J. Super. 92, 106 (App. Div. 2003) (concluding that no hearing was warranted

where defendant failed to offer conflicting proof or establish a contested fact to be resolved). Accordingly, no further proceedings were required as to this issue.

Defendant also contends the amount claimed due for interest is understated by more than by more than $13,000, and the amount claimed due for late fees is understated because late fees were assessed for only forty months, not the eighty-two months since the default date. The judge imposed the lower amounts claimed due by plaintiff. Consequently, the alleged error in the amount of unpaid interest and late fees was harmless and to defendant's benefit by reducing the redemption amount and the amount potentially due in a subsequent deficiency action. A judgment should not be set aside for harmless error. See Pellicer ex rel. Pellicer v. St. Barnabas Hosp., 200 N.J. 22, 55 (2009) (recognizing "even a large number of errors, if inconsequential, may not operate to create an injustice" requiring a judgment to be set aside); Nicosia v. Wakefern Food Corp., 136 N.J. 401, 412 (1994) (declining to order a new trial in a civil case where the trial court's errors were not shown to be harmful).

The record supports the trial court's finding that defendant did not establish excusable neglect and did not present any meritorious defense. We discern no abuse of discretion by the trial court in denying defendant's motion to vacate default.

10

Defendant's remaining arguments are of insufficient merit to warrant discussion in a written opinion.  R. 2:11-3(e)(1)(E).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION