**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-0335-24

VALERIE KARL HESTER,

    Plaintiff-Appellant,

v.

VLADISLAV BARGMAN, M.D.,
RUTGERS, THE STATE
UNIVERSITY OF NEW JERSEY,
RUTGERS BIOMEDICAL AND
HEALTH SCIENCES, RUTGERS
NEW JERSEY MEDICAL
SCHOOL, and UNIVERSITY
HOSPITAL, a/k/a UNIVERSITY
HOSPITAL NEWARK,

    Defendants-Respondents.

_____

Submitted January 28, 2026 – Decided March 16, 2026

Before Judges Gummer and Paganelli.

On appeal from the Superior Court of New Jersey, Law Division, Essex County, Docket No. L-2842-20.

Valerie Karl Hester, self-represented appellant.

Ruprecht Hart Ricciardulli & Sherman, LLP, attorneys for respondents (Renee J. Sherman, on the brief).

PER CURIAM

On September 17, 2024, plaintiff Valerie Karl Hester failed to appear for trial. The trial court entered an order dismissing her complaint. She appeals from that order. Because we conclude the judge did not abuse her discretion by dismissing the complaint, we affirm.

We glean the procedural history from the record. Plaintiff, represented by an attorney, filed a medical malpractice complaint against defendants. Defendants filed an answer and asserted various defenses. The parties engaged in discovery. The court granted plaintiff's counsel's motion to withdraw as plaintiff's attorney, noting the motion was unopposed and that plaintiff had moved "to proceed pro se."

Trial in the matter was scheduled to begin on September 16, 2024. Defendants' request for an adjournment was opposed by plaintiff and denied by the Civil Part presiding judge.

Plaintiff and counsel for defendants appeared on September 16. Plaintiff requested that the matter proceed as a bench trial. Defendants initially refused to waive their right to a jury trial but ultimately agreed to proceed with a bench trial.

A-0335-24

Plaintiff stated she was "going to drop" her lawsuit against her former attorney and "hire him back." The trial judge stated she "would allow it" if the attorney was "going to step back in." However, after the judge gave plaintiff time to contact the attorney, plaintiff advised the attorney "c[ould]n't come today because this is a last-minute thing."

Plaintiff sought to submit her expert's report in lieu of the expert's live testimony at trial. The judge explained that pursuant to the rules of court, the report was "not admissible" unless the expert was present and defendants were "allowed to cross-examine the" expert. The judge suggested plaintiff could start the trial by giving her testimony and the "expert would have to be [t]here tomorrow." The judge explained that, like a juror, she was an "average layperson when it comes to medical malpractice." Therefore, she stated plaintiff "need[ed] an expert to come in . . . to testify."

Because plaintiff was not feeling well, the judge recessed the matter to the next day. The judge explained that the trial would begin in the morning with plaintiff's expert scheduled to testify in the afternoon. Plaintiff stated she would "try [her] best" and the judge reiterated that she would see the parties at 9:00 a.m. and if plaintiff's expert was not there in the afternoon, she would "have to dismiss [the] case."

A-0335-24

On the evening of September 16, plaintiff emailed a judge who had presided over earlier proceedings in this case. Plaintiff stated:

> Please inform [the trial judge] that I will not be attending trial tomorrow for reason that it's quite impossible for anyone to obtain a [m]edical [e]xpert to testify at this trial in [one] day.

On September 17, 2024, the judge reconvened the trial. Defendants' counsel was present, but plaintiff failed to appear. The judge noted she was provided with plaintiff's email from the other judge's chambers. The judge referenced the email, noting plaintiff "knew the trial" was scheduled to proceed, "did not have an expert" and was "not prepared to move forward." The judge stated she had "no choice" but to dismiss plaintiff's complaint as the judge previously advised.

On appeal, plaintiff requests that we "remand this matter back to the trial court for an entry of a [d]efault [j]udg[]ment." She contends: (1) the judge should have been disqualified because she was "friends" with defense counsel and her former attorney; (2) the judge was biased and presented an unfavorable demeanor; (3) the judge did not follow the "rules of evidence, [r]ules of . . . [c]ourt," or judicial canons; (4) the judge's handling of landlord tenant matters disqualified her from handling medical malpractice matters; (5) she was not properly served or informed of the trial date; (6) the dismissal was "illegal"; (7)

A-0335-24

her United States and New Jersey constitutional rights were violated; and (8) an $80 million default judgment should have been entered against defendants because they did not personally appear at trial.

We review the judge's decision to dismiss the complaint for an abuse of discretion. See Kornbleuth v. Westover, 241 N.J. 289, 300 (2020) ("The decision to dismiss a case . . . for failure to appear for trial falls within the discretion of the trial judge."). See also R. 1:2-4(a)(c) ("[I]f without just excuse . . . no appearance is made on behalf of a party . . . on the day of trial . . . the court may order . . . the dismissal of the complaint."). An abuse of discretion "arises when a decision is 'made without a rational explanation, inexplicably departed from established policies, or rested on an impermissible basis.'" Flagg v. Essex Cnty. Prosecutor, 171 N.J. 561, 571 (2002) (quoting Achacoso-Sanchez v. Immigr. & Naturalization Serv., 779 F.2d 1260, 1265 (7th Cir. 1985)). "In other words, a functional approach to abuse of discretion examines whether there are good reasons for an appellate court to defer to the particular decision at issue." Ibid.

"To prove medical malpractice, ordinarily, 'a plaintiff must present expert testimony establishing (1) the applicable standard of care; (2) a deviation from that standard of care; and (3) that the deviation proximately caused the injury.'"

A-0335-24

Nicholas v. Mynster, 213 N.J. 463, 478 (2013) (quoting Gardner v. Pawliw, 150 N.J. 359, 375 (1997)). "Absent competent expert proof of these three elements, the case is not sufficient for determination by the jury." Rosenberg v. Tavorath, 352 N.J. Super. 385, 399 (App. Div. 2002) (citing Sanzari v. Rosenfeld, 34 N.J. 128, 134-35 (1961)); see also Medina v. Pitta, 442 N.J. Super. 1, 24 (App. Div. 2015) ("there is no question that expert testimony [i]s required for plaintiff's claims to succeed" and "'the standard of practice to which [the defendant-practitioner] failed to adhere must be established by expert testimony'") (quoting Rosenberg v. Cahill, 99 N.J. 318, 325 (1985)) (alteration in original).

We conclude the judge did not abuse her discretion by dismissing plaintiff's complaint for failure to appear at trial. The judge explained that expert testimony was required for plaintiff's case to proceed. According to plaintiff's email, she was not ready to proceed because she did not have an expert. Under these circumstances, dismissal was appropriate. Moreover, the email was silent regarding when the expert could or would be available, and plaintiff's failure to appear left the judge without any information regarding the expert's availability to testify.

Defendants' decision to appear at trial through counsel was permissible and would not be grounds for the court to enter a default judgment. See N.J.

A-0335-24

Div. of Youth & Fam. Servs. v. P.W.R., 410 N.J. Super. 501, 506 (App. Div. 2009) ("Because a party represented by counsel may defend at trial without being physically present, default may not be entered when a party is not present at a trial absent evidence that the party has not otherwise defended as required by rule or court order"), rev'd on other grounds, 205 N.J. 17 (2011). See also R. 4:43-1 ("If a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend as provided by these rules or court order, or if the answer has been stricken with prejudice, the clerk shall enter a default on the docket as to such party. . . .").

To the extent not addressed, plaintiff's remaining contentions lack sufficient merit to warrant discussion in a written opinion. R. 2:11-3(e)(1)(E).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

*M.C. Harley*

Clerk of the Appellate Division

A-0335-24